## Welch *v.* Watts.

APPEAL from the *Warren* Court of Common Pleas.

Suit by the assignee of a promissory note against the maker. Answer, failure of consideration. Reply, putting the cause at issue. Trial by jury. Verdict for the defendant. Motion for a new trial on the ground that the Court had not given the instructions to the jury, asked for by the plaintiff. The motion was overruled, and the plaintiff excepted. Judgment on the verdict. The Court refused the instructions on the ground that, " the parties having by their attorneys, without leave of the Court, and by consent of each other, read the law to the jury, it is considered improper for the Court to give any instructions."

On the trial, the plaintiff gave in evidence the note and assignment. The defendant introduced a deed conveying

*May Term, 1857.*

WELCH
v.
WATTS.

*Thursday, May 28.*

May Term,
1857.

LITTLER
v.
SMILEY.

a patent right to a machine for carrying water (which, it seems, was the consideration alleged to have failed); but failed to prove any of the allegations in his pleadings touching the value, ownership of, or right to sell the machine. He examined but one witness, who stated that he did not think the machine worth much; but the plaintiff proved by one witness, that it worked well.

*Per Curiam.*—By the statute (2 R. S. p. 110, subs. 5), the Court is bound to instruct the jury, unless the parties consent to dispense with instructions.

A promissory note is, *prima facie*, sufficient evidence to justify the entry of judgment against the maker, in a suit on the note; and, to defeat such judgment, in such suit, the maker, defendant, must establish, to the satisfaction of the jury, a legal defense to the note. No defense, whatever, was proved in this case.

The judgment is reversed with costs. Cause remanded for a new trial.

*R. A. Chandler*, for the appellant.

*B. F. Gregory*, for the appellee.