## Lemuel Milk *et al.*

*v.*

## Foster Moore.

1. Trial by jury—*in chancery.* In chancery the submission of an entire case to a jury is contrary to the practice, and should be discouraged, even when the parties desire such a trial.

2. Our statute has, however, authorized an issue in chancery to be tried by a jury, and this it may be convenient and highly proper to do; but all such issues should be distinct and explicit, presenting, in each, a single question so clearly that it could not but be understood by the jury, and their verdict should be responsive to each.

3. But such a trial, or a trial of a feigned issue in a like case, is not merely by the consent of the parties, but is solely under the control of the chancellor.

4. The chancellor is the sole judge of the evidence and of its weight; and where he directs an issue of fact to be tried by a jury to inform his conscience, he may adopt the verdict, or disregard it and render a decree against the finding, or may grant a new trial as he may believe justice demands.

5. BURDEN OF PROOF—*to establish a warranty.* In a suit to foreclose a mortgage given to secure the fulfillment of a contract by a party who took certain sheep and agreed to make certain returns therefrom to the owner, or in default thereof to pay a stipulated sum of money, the defendant set up an alleged warranty, on the part of the owner, that the sheep were not diseased, but that they were diseased, and many of them had therefore died, it was *held*, the burden of proof to establish the warranty, was upon the party alleging it.

6. RECORD—*costs of—not taxed, when.* Subpœnas for witnesses, notices for taking depositions, magistrates' certificates, copies of fee bills, etc., are properly no part of the record of a case; when such a record is taken up the Supreme Court will not take the time to examine and designate what is recoverable as costs, and tax the same, but will refuse costs.

APPEAL from the Circuit Court of Livingston county.

This was a bill in chancery, filed at the        Term, 1864, by Lemuel Milk and Franklin Howard, survivors of William Howard, deceased, as complainants, against Foster Moore, as defendant, to foreclose a mortgage given by the said defendant, on the 11th of June, 1851, to secure the performance of a contract, by which the said defendant took 424 head of sheep of the said complainants, to keep for the term of three years, and to deliver 634½ pounds of wool each year during said term, and to return to said complainants, at the expiration of said term, the same number of said sheep, or others as good, or, in default thereof, to pay to the said complainants the sum of $634.50 ; and, to secure said agreement, the said defendant mortgaged to the said complainants certain real estate in Iroquois county.  Said suit was commenced by filing a bill in chancery in the Circuit Court of Iroquois county, which was afterward changed by said complainants to the Circuit Court of Livingston county.

Foster Moore, the defendant, filed his answer to said bill, and therein set up a defense thereto, that said complainants, to wit, William Howard aforesaid, who was then in full life, but since deceased, fraudulently warranted and represented to the said defendant, at the time he took said sheep to keep, that they were sound and healthy sheep, and that they were not diseased, and thereby induced the said defendant to take said sheep, and

enter into said agreement and mortgage; and the said defendant avers that said sheep were diseased at the time when he took them to keep as aforesaid, and, in consequence of said disease, a large portion of them died, and thereby he suffered great damage; that he delivered in wool and paid in money all the wool which said contract calls for, and that he delivered 146 head of said sheep, and paid in money $155.40, to said complainants, upon said sheep not delivered under said contract; and that, according to equity and good conscience, there remains nothing due upon said contract and mortgage. To which answer there was a replication filed.

The said defendant, by leave of the court, also filed his cross-bill, alleging, substantially, the same facts as are set up in his answer to the original bill, and claiming damages therein over and above the amount due upon the mortgage according to said contract, because a large portion of the sheep died from disease; alleging, also, that there was nothing due on said mortgage; that the amount of wool called for in said agreement had been delivered; that 146 sheep and $155.40 had been delivered and paid to said complainants; and concluding with a prayer that said mortgage might be canceled, and a decree rendered in favor of the said defendant against the said complainants for the amount which might appear to be due him over and above the amount left unpaid by him upon said contract and mortgage, for the damages which he had sustained in consequence of said sheep having been diseased as aforesaid.

To which cross-bill the said Milk and Howard filed their answer, denying that said sheep were diseased when said Moore received them, and that any portion of said sheep died from the effects of disease which said sheep had when said Moore received them; denying that said Moore suffered any damage from any disease which said sheep had when he received them; and that William Howard represented and warranted said sheep to be sound and healthy, and no disease among them as charged in said answer and cross-bill of said Moore. They admit that said Moore delivered a portion of the wool, and the payment in money for the balance of the wool not delivered,

and admit that there is no wool due under said contract, and that said Moore delivered 146 sheep and the payment of $155.40 as charged in the said answer and cross-bill; but they claim that a portion of said $155.40 should be applied as interest on wool and sheep which had not been delivered according to said contract.   To which answer there was a replication filed.

The cause was tried in the Livingston county Circuit Court, before the court and a jury.

There was a verdict for the defendant, and a decree in accordance therewith, dismissing the bill at the costs of the complainants.   To reverse that decree this appeal is prosecuted.

Mr. GEORGE B. JOINER and Mr. JOHN M. SCOTT, for the appellants.

Mr. JAMES FLETCHER and Mr. CHESTER KINNEY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery filed to foreclose a mortgage.   It was tried in the court below, by a jury, and the bill was dismissed with a decree for costs against complainant.   The cause is brought to this court on error, to reverse that decree.

The first deviation from long settled and uniform practice in a court of equity, was in referring the whole case to a jury for trial.   Such a practice is unknown to the courts of equity both in Great Britain and in this country.   In this court no question is ever submitted to a jury, except on a feigned issue, which, when the common law and equity jurisdiction is vested in different persons, is sent to a court of law for trial; and when the common law judge and the chancellor is the same person, the issue is sent to the common law side of the docket. And the verdict when found is certified to the chancellor, if not in fact, it is so in theory.   In forming a feigned issue there is a formal declaration filed, together with other pleadings, making the issue of fact to be tried.

Our statute has, however, authorized an issue in chancery to be formed and to be tried by a jury. Under this statute, it has been the practice to make an issue without using the common law forms of pleadings. But the issue in chancery, or if there be more than one, should be distinct and explicit, presenting in each a single question, so clearly that it could not but be understood by the jury, and their verdict should be responsive to each. The same section declares that, in all other cases in equity, the mode of trial shall be the same as has been heretofore practiced in courts of chancery. The practice has never prevailed, unless by legislative enactment, of submitting the bill and answer to trial by a jury. But in cases where the evidence is voluminous, the witnesses numerous, and the facts are doubtful, it may be convenient and highly proper to form an issue and have it tried by a jury in the mode contemplated by the statute, or on a feigned issue properly made; but in those cases it is not merely by the consent of the parties, but is solely under the control of the chancellor.

The chancellor is the sole judge of the evidence and its weight; and, even when he directs an issue of fact to be tried by a jury, to inform his conscience, he may adopt the verdict of the jury, or he may disregard it, and render a decree against their finding, or he may grant a new trial, as he may believe justice demands. In our courts of equity, the chancellor being also the common law judge, he necessarily hears all of the evidence upon which the jury acts, and, if satisfied the jury have found correctly, it would be his duty to adopt their finding, but, if dissatisfied, it would be equally his duty to disregard the verdict, and proceed with the cause in such a manner as to do complete justice between the parties. But the submission of the entire case to a jury is contrary to the practice, and is believed not to be calculated to promote justice, and should be discouraged, even when the parties desire such a trial.

The main question in the case is whether the decree was required by the evidence in the case. It is voluminous, and, as might reasonably be expected in such a case, somewhat conflicting. But, after a careful examination, we have arrived at

the conclusion that the decree is unwarranted. The defendant alleged a warranty and its breach as a defense to the mortgage. This he has failed to prove, or, if a warranty might be inferred from the evidence, he has failed to establish its breach. The proof of this allegation was upon him, and until established it must fail as a defense.

Again, he alleged in his answer that the sheep for which the note and mortgage were given were diseased, and that fact was known to complainants or their partner who made the sale, and that this fact was fraudulently concealed from defendant at the time he entered into the contract. To have succeeded in this defense, it was necessary for him to have established the fraud. But a careful examination of the evidence, we think, shows that he has failed in the proof. It is true that he has adduced some evidence that tends to show that the sheep were diseased, but no evidence is found tending to prove that if they were it was known to complainants. The evidence is strong, if not conclusive, that the sheep were insufficiently fed, sheltered and pastured, and that their food was unsuitable, both in quality and quantity. After he had obtained the sheep and got them home, he repeatedly expressed himself well satisfied with them and his contract. The evidence, we think, shows that other causes contributed largely, if not solely, to produce the death of the sheep, than any disease that existed at the time they were purchased.

A number of practical wool-growers gave it as their opinion, based upon an examination of the flock, that they were not diseased when they came to defendant's hands. They were familiar with their treatment and concur in the opinion, that disease was induced by insufficient pasturage, feeding, as well as by a want of food of a proper quality, a want of sufficient shelter and feeding accommodations. And they say that proper care in other respects was not given them. These are the conclusions of men of known and admitted experience and skill in the business. Opposed to their opinions is the evidence of persons knowing nothing or at most but little in reference to such matters. Nor do they give facts which are satisfactory to sus-

tain their conclusions. We are therefore of the opinion, that the evidence fails to establish the defense, and that the decree dismissing the bill and giving costs in the case must be reversed and the cause remanded, without a decree for costs in this court.

We find a large amount of costs made in this case, by bringing up a transcript of subpœnas for witnesses, notices for taking depositions, magistrate's certificates, copy of fee bills, etc. These are properly no part of the record of the case, and it is improper to incumber the record with them. When such a record is brought here, we will not take the time to examine and designate what is properly recoverable as costs by the successful party, and tax the same, but will refuse the party costs for his misconduct.

*Decree reversed.*