*V. Carter,* for appellant.

---

## Krack *v.* Wolf.

INSTRUCTIONS TO JURY.—After the argument on the trial of a cause had closed, the court said to the jury: "I have no instructions to give you. Defendant's counsel have requested me to instruct you in writing, which I am not prepared to do, having had no time to write them. If counsel require me to put my instructions in writing without giving me time to prepare them, they must do without them. You will therefore retire, in charge of your bailiff, and do what is right between the parties."

　　After having been out about five hours, the jury was brought into court, and they stated that they thought there was no prospect of their agreeing; whereupon the court urged them to come to some conclusion, giving some reasons why they should do so; after which they again retired, and in about two hours returned a verdict for the defendant.

*Held,* that it could not be said that the court did not instruct the jury.

*Held,* also, that the only error assigned being the overruling of a motion for a new trial, and no exceptions having been taken to the refusal or failure of the court to instruct the jury, and the evidence not being in the record, this court could not say that any other or different instructions were necessary.

APPEAL from the Vanderburg Circuit Court.

DOWNEY, J.—This was an action for slander, brought by the appellant against the appellee. Issues were made; there was a jury trial; verdict for the defendant; motion for a new trial overruled; and final judgment rendered for the defendant.

The only error properly assigned is the refusal to grant a new trial; and the only ground urged under this assignment is the neglect of the court to charge the jury upon the law and facts of the case, after the close of the argument, and allowing said jury to retire to consider of their verdict without any instructions from the court.

At the close of the argument, the court said to the jury:

"Gentlemen, I have no instructions to give you. Defendant's counsel have requested me to instruct you in writing, which I am not prepared to do, having had no time to write them. If counsel require me to put my instructions in writing, without giving me the time to prepare them, they must do without them. You will therefore retire, in charge of your bailiff, and do what is right between the parties."

Upon which the jury retired, to consider of their verdict. After the jury had been out about four hours—being about five o'clock P. M.—the court requested the bailiff to inquire of them if there was any prospect of their agreeing soon, to which they returned the answer, "There was none;" upon which the court adjourned temporarily, until about six o'clock, when they were brought into court and were asked by the court if they had agreed, to which they answered, "No." Whereupon they were asked if there was any prospect of their agreeing, when they answered, "They thought not." The court then proceeded to make the following statement to them, viz.:

"Gentlemen, you ought to come to some conclusion. This cause has occupied a good deal of your time, and ought not to give you much trouble. If you should not agree, it would be a large expense to the county, as well as to the parties, to try it over again. If some of you would give, and others take, a little, you might come to some agreement. I shall have supper prepared for you by eight o'clock."

In about two hours afterward, the jury returned a verdict for the defendant.

It is contended by counsel for the appellant that it is the

imperative duty of the court, even without being requested to do so, to instruct the jury, and he relies on the following part of section 324, 2 G. & H. 198: "Fifth. When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." We think, if it be conceded that the court should instruct the jury generally, without being requested to do so, as decided in *Welch* v. *Watts,* 9 Ind. 115, that there are two good reasons why the position of appellant cannot be sustained; first, that it cannot be said that the court did not instruct the jury; and, second, that the point was not reserved by any exception to the refusal or failure of the court so to instruct. The evidence is not in the record, and any further or different instructions than those given may have been unnecessary. It would hardly conduce to the fair and proper administration of justice to allow a party to take his chances for a verdict, and then, if he was unsuccessful, to claim that there should be a new trial because the court had not instructed the jury, when he neither asked it nor excepted to its not having been done. See *Murray* v. *The State,* 26 Ind. 141.

The judgment is affirmed, with costs.

*P. Maier,* for appellant.

*C. Denby* and *D. B. Kumler,* for appellee.