## ABBOTT *v.* MONTI.

1. Whether the chancellor shall direct or refuse an issue to be tried by a jury rests wholly in his discretion, under the statute (R. S., p. 98, § 35), and error cannot be assigned upon the order in either case.

2. Where a defendant in a suit in chancery desires affirmative relief, he should seek it by cross bill. *Tucker* v. *McCoy, ante*, p. 284.

*Error to Probate Court of Clear Creek County.*

THE case is stated in the opinion.

Messrs. H. M. & W. TELLER, for plaintiff in error.

Mr. M. S. TAYLOR, for defendant in error.

THATCHER, C. J.   This is a suit in equity brought by the complainant to enforce her alleged right to a deed to lot eighteen in block forty-nine, in Georgetown.   After the issues were made up, and the cause was ready for hearing, the complainant moved the court to direct an issue to try the controverted fact as to the *ownership* of the lot in dispute.

To determine this issue was to determine all the issues involved by the pleadings in the cause.   It was in effect a motion to the court that the entire case made by the bill, answer and replication, might be submitted to a jury for its verdict.   This, to say the least, had the complainant's motion been granted, would not have been in conformity with approved practice.   *Milk et al.* v. *Moore*, 39 Ill. 584.

The court denied the motion to refer the controverted fact of ownership to a jury.   This act of the court is assigned for error.

The mode of procedure in this cause is regulated by statute, which declares that pleadings and proceedings in such actions "shall be as in cases in chancery, except that oral testimony may be introduced upon the trial of the cause." R. S.,§ 5, p. 621.

The rules of practice and proceedings prescribed by statute for the government of the district courts apply to the probate courts.  § 35 of chapter 13, R. S., provides that "the said district courts may in their discretion direct an issue or issues to be tried by a jury whenever it shall be judged necessary in any cause in equity ; the mode of trial shall be the same as has been heretofore practiced in courts of equity.   In every such case the order of the court may specify and set down the issue or issues to be tried so as to avoid the necessity of formal pleadings, as heretofore practiced."

Whether the chancellor shall direct or refuse an issue rests wholly in his discretion, and we fail to discover any valid reason why it should not so rest.   If an issue be directed, the verdict of the jury thereon is not binding upon

the chancellor's conscience. He is not only at liberty to disregard it, but it is his duty to decide the cause according to the dictates of his own judgment, and the convictions of his own conscience. *Garrett* v. *Stephenson*, 3 Gilman, 278.

In an action at law, the verdict of the jury is of higher and more solemn import. It is the foundation upon which the judgment of the court must rest. In a suit in equity, the verdict is not necessarily the foundation of the decree. It is merely incidental, and may be, and if the chancellor's conscience is not satisfied with it, must be, wholly unheeded. No error can be assigned upon the order of the court, either granting or refusing an issue. The trial by jury, in such case, is not a matter of right. *Sheetz's Appeal*, 35 Penn. 94; *Black* v. *Lamb*, 1 Beasly (N. J.), 108; *Ward* v. *Hill*, 4 Gray, 593; *Crittenden* v. *Field et al.*, 8 Gray, 626; *State* v. *Orwig*, 25 Iowa, 289.

A decree was entered in favor of the defendant, granting him affirmative relief. It was decreed that he was the owner and entitled to a deed for the lot in dispute. The court erred in entering such a decree upon the state of the pleadings. No specific relief was prayed. His only prayer is that he be hence dismissed with his reasonable costs and charges. In the case of *Tucker* v. *McCoy*, decided at the April term, 1877, this court held in accordance with the undoubted rule in chancery pleadings, which is applicable to this case, that a defendant desiring affirmative relief should seek it by a cross bill.

The decree will be reversed and the cause remanded, with directions to the court below to allow the complainant to file an amended bill, and the defendant to file a cross bill, if they so desire, without prejudice to the testimony already taken, and for further proceedings not inconsistent with this opinion.

*Reversed.*