## SAINT ET AL. v. GUERRERIO.

1. AMENDMENTS OF PLEADINGS.—The power to allow amendments is necessarily intrusted, in a large degree, to the discretion of the trial court, and should be liberally exercised in furtherance of justice; but when an application to amend is resisted it should not be granted except upon good cause shown, and upon such terms as the justice of the particular case may require. Adequate terms should be enforced, not merely as a matter of justice to the parties, but to the end that there may be more diligence in the preparation of causes, and the public business thereby expedited.

2. DIVERSION OF WATER—PRIOR APPROPRIATION.—Unless the prior appropriator is entitled to all the water of a natural stream, he cannot, in the nature of things, identify certain specific water as belonging to himself while the same remains in the natural channel; and so long as he is able to secure the full amount of water to which he is entitled, he will not be heard to complain that others are diverting its waters.

3. JOINDER OF DEFENDANTS IN ACTION BY PRIOR APPROPRIATOR.—If a party, by "priority of appropriation," has actually acquired "the better right" to the use of water from a natural stream, he may

bring and maintain an action jointly against all parties, junior in
right to himself, whenever the result of their acts, either joint or
several, deprives him of such better right or substantially interferes
therewith.

4. RIGHT OF WAY IN IRRIGATING DITCH.—When an alleged right of
way for the carriage of water through an irrigating ditch already
constructed is controverted in a civil action under appropriate
pleadings, the court may determine the controversy, notwithstand-
ing the action is not a proceeding to condemn a right of way under
the act of eminent domain.

5. PROVINCE OF COURT IN EQUITY CASES.—In a case of equitable cog-
nizance triable by the court either with or without a jury, the court
may call a jury to try such specific questions of fact as may be
submitted to them, reserving to itself the power to make its own
findings upon consideration of the evidence and the verdict.

6. SEPARATE TRIAL, NOT MATTER OF RIGHT.—A separate trial for the
several defendants in a civil action is not a matter of right.

7. VIEW OF PREMISES BY JURY.—It is a matter resting in the sound
discretion of the trial court to grant or refuse a request to have the
jury view the premises of property in litigation.

8. SUBMITTING QUESTIONS TO JURY.—The right to require certain spe-
cific questions of fact to be passed upon by the jury is a matter
for the court; counsel cannot insist upon the privilege ad libitum;
the number and character of the questions should be controlled
within reasonable limits.

9. WHEN INSTRUCTIONS MAY BE REFUSED.—If in an action triable by
the court either with or without a jury, only certain specific ques-
tions of fact are required to be answered by the jury, subject to
the power of the court to accept or reject the answers in whole or
in part, it is not error for the court to refuse to instruct the jury.

*Appeal from District Court of Garfield County.*

INJUNCTION against interference with water right. Michael
Guerrerio, plaintiff below, brought this action against four
different defendants, Albert J. and George W. Saint, Wil-
liam and John Mansfield, to restrain them from interfering
with his use of the waters of the Dry or West Fork of Elk
Creek for purposes of irrigation.

The plaintiff filed three different complaints. The origi-
nal complaint was held insufficient on demurrer, and there-
upon, by leave of the court, an amended complaint was filed.
The amended complaint was objected to by motion, and

also by demurrer, on the ground, among others, of a misjoiner of parties defendant. The objections were overruled; and thereupon defendants filed separate answers in which, among other things, the objection that there was a misjoinder of parties defendant was, in effect, renewed. To the separate answer of the Saint brothers, the plaintiff replied several matters. A portion of said replication was struck out on motion of defendants. Thereupon plaintiff, by leave of the court, filed a second amended complaint to which defendants objected; their objections were overruled. Issues were finally joined upon the amended pleadings. The findings and judgment of the court were favorable to plaintiff. The Saint brothers bring this appeal.

Mr. M. J. BARTLEY and Mr. W. C. KINGSLEY, for appellants.

Mr. JOSEPH W. TAYLOR and Mr. E. T. TAYLOR, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Error is assigned to the action of the court in overruling the several objections to the first and second amended complaints.

1. The process, pleadings and interlocutory orders in this cause are exceedingly voluminous, extending through more than three hundred folios of the transcript. The record is greatly complicated by amended pleadings. Amendments tend to confusion, embarrassment and delay in the trial and disposition of a cause, and often occasion much inconvenience and expense to litigants. Where the amendments are numerous and lengthy, the difficulties are correspondingly increased.

The power to allow amendments is necessarily intrusted, in a large degree, to the discretion of the trial court, and should be liberally exercised in furtherance of justice. Code,

sec. 75. But when an application to amend is resisted it should not be granted, except upon good cause shown, and upon such terms as the justice of the particular case may require. Adequate terms should be enforced, not merely as a matter of justice to the parties, but to the end that there may be more diligence in the preparation of causes, and the public business thereby expedited. The rapidity with which lengthy pleadings and other court papers may be manufactured (not prepared) through the agency of stenographers and typewriters, has tended of late years to burden the records of the courts with many crude and cumbersome documents.

As the court required plaintiff to pay two days' attendance of all the witnesses in this case as a condition to filing the second amended complaint, we cannot say its discretion was not properly exercised as to the terms imposed. The objection on the ground of misjoinder is not so easily disposed of.

2. Was there a misjoinder of parties defendant? The decision of this question involves a further examination into the subject-matter of the action, and particularly the situation of the premises and the claims of the respective parties as shown by the pleadings.

The plaintiff claims, among other things, that in May, 1883, he was and for a long time prior thereto had been and still is the owner and in possession of a certain parcel of land in Garfield county, Colorado. That he first diverted and appropriated water from the Dry or West Fork of Elk Creek for the irrigation of said land and for domestic purposes at the date aforesaid and has continued so to do since said time. That he diverted the water from said stream and conveyed the same to his land by means of a certain ditch originally constructed upon the public domain.

That while he was using said ditch for the purposes aforesaid in April, 1885, the dam which turned the water into the headgate of the ditch was washed away, and the channel of said stream was so cut out, lowered and otherwise changed

that he was obliged to remove the headgate and extend the ditch. up said creek in order to secure a sufficient flow of water into said ditch.

That between May, 1883, and April, 1885, the defendants Albert and George Saint had acquired certain lands above the land of plaintiff on said ditch and stream, and that the ditch so used by plaintiff to carry water to his premises extended across the lands of said Saint brothers. That plaintiff removed the headgate and extended the ditch across the premises of the Saint brothers with their permission, without any objection or hindrance from them or either of them, and that he used the water so appropriated through said ditch for the years 1885, 1886 and during the first part of the season of 1887, and until prevented by defendants herein from so. doing.

That plaintiff gave the Saint brothers permission to conduct water through said ditch for the irrigation of their lands on condition that they would use said ditch only when the same was not being used by plaintiff.

That the lands claimed and occupied by the Saint brothers are situate up said stream above the plaintiff's land, and that after the appropriation of water through said ditch by plaintiff the defendants William and John Mansfield located, claimed and now occupy a certain tract of land lying up said stream and above the land claimed by the Saint brothers and above the headgate of said ditch.

That plaintiff has a priority of appropriation of the waters of said natural stream for the irrigation of his said lands over each and all of the defendants, and that the waters of said stream are not sufficient for the use of plaintiff and defendants.

. That the said four defendants above named, well knowing the rights of plaintiff and disregarding the same, have diverted the water from said stream, stopped the flow thereof, and are now diverting and stopping the flow thereof, so that the same cannot reach plaintiff's premises to the great injury of the plaintiff, etc. That irreparable injury will be done to

plaintiff's crops unless defendants be restrained, etc. Prayer for injunction, etc.

It does not appear that the Saint brothers, or either of them, acted jointly or in concert with the Mansfield brothers, or either of them, in diverting the waters as charged. The Mansfield brothers diverted the water from the natural stream above plaintiff's headgate for the purpose of irrigating lands there situate, while the Saint brothers diverted the water from the artificial stream or ditch for the irrigation of their own lands upon a claim of right to said ditch for that purpose.

Upon the facts as above stated it is earnestly and ably contended by counsel for appellants that there is no joint liability on the part of defendants, even if plaintiff is entitled to the prior right over each and all of them to the use of the waters of the natural stream. Counsel do not cite authorities upon this point, though general language may readily be found in the text books and in judicial opinions favoring the view for which they contend. Such is the purport of the opinion in *Keyes v. Little York Gold Washing & Water Co.*, 53 Cala. 724. That case, however, is not altogether analogous to the present; the case of *Hillman v. Newington*, 57 Cala. 56, is more nearly analogous; but the decision in the latter case sustains the view that there is no misjoinder of parties in the present action. The latter case was decided in 1880, and in concluding the opinion the court remarked : " The case so far as we are advised is *sui generis.* No parallel case is cited by either side."

In the case of *The People v. Gold Run D. & M. Co.*, 66 Cala. 149, decided in 1884, it was said that the *Keyes Case* " was practically overruled " by the *Hillman-Newington Case.*

Interference with the prior right of a party to the use of water for irrigation is unlike most private injuries for which relief may be had by injunction. Priority of right to the use of water from a natural stream is a right peculiar in its nature. A party entitled to such priority, unless he can show that he is entitled to all the water of the natural stream, can-

not, in the nature of things, identify certain specific water as belonging to himself, while the same is running in the natural channel. Being entitled only to a certain quantity of the water, less than the whole, it is only after a proper diversion of such quantity into his own separate ditch or lateral that the prior appropriator can be said to have title, in kind, to the specific water thus diverted. *Wheeler v. Northern Colo. Ir. Co.*, 10 Colo. 587, 588. So long as the prior appropriator is able to secure the full amount of water to which he is entitled, he will not be heard to complain that some other person or persons located higher up the stream are diverting its waters.

3. Keeping this principle in view, it follows that if plaintiff had, by " priority of appropriation," actually acquired " the better right " to the use of the water of the natural stream than either or all of the several defendants, he was entitled to have such priority protected against their acts, whether joint or several, and for that purpose was entitled, if necessary, to join them all as defendants in one action. Plaintiff did not claim a prior right to the use of all the water in the natural stream, and the amount diverted by any single defendant might not interfere with plaintiff's use. Hence, he might not be able to maintain an action against any one of the defendants separately for diverting the water. So plaintiff might not be able to show that any two or more of the defendants acted jointly in diverting the water ; nevertheless, he might be able to show that the result of their several diversions in the aggregate was to deprive him of its use altogether. The joint result of their several acts would, under such circumstances, justify their joinder as defendants.

To illustrate : Let us suppose that the natural flow of water in the West Fork of Elk Creek is only 200 inches, and that plaintiff, as the prior appropriator, is entitled to 100 inches thereof. Mansfield, owning lands on said stream above plaintiff, diverts 100 inches of the water ; Saint next below Mansfield, but still above plaintiff, diverts another 100 inches ; thus it results that plaintiff is wholly deprived of

the use of the water, though he is the actual prior appropriator thereof. To obtain redress, plaintiff commences his action by injunction against Mansfield. The action is resisted; Mansfield shows that he leaves water enough in the natural stream for plaintiff; and, thus, plaintiff is defeated, unless he assumes the burden of proving that Mansfield's appropriation is junior to Saint's—a matter in which plaintiff has no interest. The same result follows if Saint be sued separately; and thus the party actually having the better right is prevented from maintaining it. To prevent a failure of justice in cases of this kind the prior appropriator cannot properly be required to assume any such risks or burdens. But he may bring and maintain an action jointly against all parties, junior in right to himself, whenever the result of their acts, either joint or several, deprives him of his better right to the use of the water, or substantially interferes therewith. He may thus secure protection to his own priority, and leave the several junior appropriators to settle their relative priorities among themselves.

Upon plaintiff's theory we have no hesitation in saying that there was no misjoinder of parties defendant. The theory of the Saint brothers that they were the owners of the ditch, and therefore entitled to control the same to the exclusion of plaintiff, must be regarded as involving a question of fact. The evidence upon such question was conflicting and the finding of the trial court thereon cannot properly be disturbed on this appeal.

4. Whether plaintiff had or had not acquired a right of way for the irrigation ditch across the lands of the Saint brothers was a question of fact to be determined by the trial court upon the evidence. It is idle to say that the court could not determine whether such right of way did or did not exist, for the reason that this was not a proceeding under the act of eminent domain. The court did not undertake to grant a right of way, as by a decree or rule in condemnation proceedings; the finding of the court was to the effect, that plaintiff was in the possession and enjoyment of

such right of way as an existing right antecedent to the commencement of this action.

It appears that the ditch was originally constructed through the unsurveyed public domain of the United States. It was constructed before any of the parties to this litigation owned any of the ranches now claimed by them respectively. The Saint brothers claimed the ditch by virtue of a purchase of the possessory title of the former occupants. This claim was controverted by plaintiff; and the issue being decided by the trial court, upon conflicting evidence, in favor of plaintiff, its decision will not be disturbed.

5. Certain rulings of the court occurring at the commencement and during the progress of the trial, are assigned for error.

The court called a jury to try such specific questions of fact as might be submitted to them, reserving to itself the power to make its own findings upon consideration of the evidence and the verdict of the jury. This was correct practice, the case being one of equitable cognizance and triable by the court either with or without the aid of a jury under the statute. Code, section 173; 1 Thompson on Trials, sec. 884; *Abbott v. Monti*, 3 Colo. 561; *Hall v. Linn*, 8 Colo. 267.

6. The defendants, the Saint brothers, demanded a separate trial, which was refused. A separate trial for the several defendants in a civil action is certainly not a matter of right; and it was not error for the court to refuse the demand.

7. It was not error for the court to refuse defendant's request to have the jury view the premises and ditch in dispute. The granting or refusing of such request was a matter resting in the sound discretion of the trial court. Code, sec. 188.

8. The action of the court in propounding to the jury certain questions, as requested by plaintiff, is assigned for error. It would seem that the court extended great indulgence to the parties in the matter of submitting questions to the jury. The record does not affirmatively show that the parties were allowed to ask as many questions as they pleased, but it does

show that twenty-five questions on behalf of plaintiff, and twenty more on behalf of defendants, were duly submitted to the jury.    Without discussing these questions in detail, we feel constrained to suggest the impropriety of submitting so many questions to the jury in an action of this kind.    The right to require certain specific questions of fact to be passed upon by the jury is a matter for the court.    Code, sec. 199. Counsel cannot insist upon the privilege *ad libitum*.    The number and character of the questions should be controlled within reasonable limits, or the jury may be confused, and the court embarrassed, rather than aided, by the practice.

9. The calling of the jury was a matter of discretion with the court; their verdict or answers were only advisory; and as the court by its own specific findings determined every material matter in issue, neither the questions to nor answers by the jury furnish sufficient ground for a reversal of the findings and judgment of the court.    Considering the nature of the action, and that only certain specific questions of fact were required to be answered by the jury, subject to the power of the court to accept or reject the answers in whole or in part, it was not error for the court to refuse to give instructions to the jury.    The requirements of the Code, sec. 187, in reference to instructions are applicable to causes or issues triable by jury as a matter of right.    The case of *Welch v. Watts*, 9 Ind. 115, cited by appellants' counsel, is not a case of this character.    But see *Danielson v. Gude*, 11 Colo. 96, and authorities there cited.

The judgment of the district court might have been affirmed, but for the fact that the court erred in determining the amount of plaintiff's prior appropriation through the irrigating ditch in controversy.    By his amended statement the plaintiff claimed the prior right to the use of one hundred inches of water from the Dry or West Fork of Elk Creek to be conveyed through said irrigating ditch.    The jury made no findings as to the amount of this claim; the court, however, allowed the full amount of the plaintiff's claim; but from the evidence in which there is little or no conflict, it is

manifest that the plaintiff never actually applied to beneficial use more than sixty inches of water prior to the defendants' appropriation. The judgment of the district court will, therefore, be reversed, with directions to that court to enter judgment awarding plaintiff a priority of appropriation as against the defendants for sixty inches of water from said West Fork of Elk Creek through said irrigating ditch.

*Reversed with directions.*