Bissell, P. J.,
delivered the opinion of the court.
W. Gr. Fraser contracted with the owner of a piece of property in Pueblo to make certain improvements on an existing building. The material part of the contract with which we are concerned relates to the elevation of the walls, the alteration of the windows and doors to correspond with another part of the building, in the rear of that on which the alterations were to be made. Subsequently, Fraser and *22 the appellant, Manners, negotiated about the brickwork necessary to raise the fire wall, elevate the windows and doors, and a little other masonry incidental to these things. During the progress of the negotiations between Fraser and Manners, Manners went to Fraser’s office to make a bid on the work. There is considerable controversy between the parties as to what-happened and about what was ultimately done. It is insisted on one side that when Manners put in his bid, he looked at the specifications which were in Fraser’s office, which provided that the doors and windows were to be raised to the level of those in the rear part of the building, and with full knowledge of this fact, he offered to raise the windows, build fire walls and front lintels for $110. Much of this Manners denies and insists that his bid was for repairs, and raising windows, front lintel, and “ fire wall four feet high.” He insists that his original bid was for $125, but that it was reduced by the negotiation to $110. He likewise contends that the four feet related to the windows as well as to the fire wall. It may be said this would not be the natural limitation and construction of the language of Ills offer. He went to work, and after he had been working some little time, reached the windows, and while he was at the point of turning the arch of one to complete its elevation, it was discovered by the architect who had drawn the plans that the windows had not been raised on a line with the others, and needed to be put up nearly two feet more. The architect directed Manners to increase the height, but Manners declined on the ground that it was not within the terms of his bid. Fraser came along, and there was some discussion between them as to what the contract was. It is insisted on one side that Manners went to the office and looked at the bid, which contained no statement about the height, and then went back to work. This Manners denied, and he insists that when Fraser declined to permit him to go on with the work under his bid, he stopped, as he had a right to do. When he abandoned the work, he had earned a little less than $40.00. He afterwards filed a lien on the building, *23 and brought this suit to collect his money. In the original answer it was stated that Fraser entered into a contract with Manners whereby he had agreed to do certain work, which was specified, for a definite sum. At the trial, what Fraser claimed to be the written bid put in by Manners was offered. This contained nothing about any specifications, and no data other than the general statement that he was to raise twelve windows and build the fire wall and lintels. It was urged that the defendant had the right to show what had happened respecting those matters which were not stated in the writing. There seemed to be some question concerning it, and, on application, the court permitted an amendment to the answer, so that the allegation would amount to a statement that the work was to be done according to specifications prepared by the architect. Of this the appellant complains. An amended replication was tendered, which contained a good many matters other than what was filed in the original pleading, and the court refused to permit it be filed as drafted, but did permit a part of it to stand. The case was tried to the court, without a jury, who found for the defendant, and Manners appealed.
As is manifest from the record, the ease has been several times tried, and notwithstanding the magnitude of the controversy, it is important that it should end with the judgment unless some radical error was committed by the trial court. As is usual, it is insisted the evidence does not support the judgment, and that there is lacking in the record some proofs essential to the result. It would be well to state in this connection that according to the defendant’s plea, he was put to considerable expense to complete the work. The court must have found with him in this particular, since it is evident Manners did work of some value. We can better dispose of this particular objection by referring to the circumstance that there is no exception to the judgment. It has been repeatedly decided by both the appellate courts in this state that a party must preserve his objection in the proper form when he seeks to have the case reversed because the *24 evidence does not warrant the judgment. We did not, however, content ourselves with this rule, but read the record. This fully convinced us that on all questions of any consequence there was a conflict-in the testimony, and there is so much to be found to support the court’s conclusions that in no event would we be inclined to interfere with them.
We do not concede the court committed any error in permitting the defendant to amend his answer by inserting the allegation that the work was to be done according to the specifications prepared by the architect. There are two answers to the contention. In the first place, it is tolerably clear that the evidence on this subject was admissible under the original answer. If it was found by the court that the contract was not wholly in writing, but that some of its terms rested in parol, it was entirely within the rules of evidence to permit the defendant to prove all of its elements. Even if this were not true, the amendment did the plaintiff no harm, and he took no advantage of it, so as to be able to raise the question here. In respect to matters of this description, it is well settled a party must show he has been affected in some substantial right if he would complain. The supreme court has clearly established the practice in such matters. If the defendant conceives, when the application is made, he will be harmed by the order, he must ask for a postponement, or seek in some other way, if any be feasible, to preserve and protect "his rights. Gwynn v. Butler, 17 Colo. 114.
A sufficient amendment to the replication was permitted to enable the plaintiff to present any issue necessary for the preservation of his rights, and no evidence which he offered was rejected because not within the scope of the pleadings. He was therefore unharmed by the exclusion of a portion of his plea.
We do not undertake to decide what is indispensable to entitle a party to abandon his agreement and recover on a quantum meruit for what he has done. We should have very grave doubts whether Manners was entitled to recover at all for what he did. We do not care, however, to enter upon *25 this discussion, and demonstrate that the evidence establishes an agreement on his part to do certain work in a specific manner, and a failure on his part to perform. We content ourselves with saying there is enough in the record to warrant this conclusion. There is evidence from which the court may have concluded the defendant was damaged beyond the amount which Manners had earned. Either conclusion necessitates the affirmance of the judgment. Under these circumstances we are not at liberty to disturb it.
The trial court committed no errors which compel us to question his conclusions, and the judgment will accordingly be affirmed.

Affirmed.