Thomson, J.,
delivered the opinion of the court.
This suit was brought by the appellee to set aside certain sales and conveyances made by the appellant, Charles Nelson, to the appellant, Texanna Nelson, who was his wife, and to *532 subject the property sold and conveyed to the payment of a judgment theretofore obtained by the appellee against Charles Nelson and others. The complaint alleges the recovery of the judgment against Charles Nelson, impleaded with C. T. Miller and W. P. Dunn, and the filing and record of a transcript of the judgment with the recorder of the proper county, the issue of an execution on the judgment, and its return unsatisfied, and the transfer prior to the rendition of the judgment by the defendant Chai-les Nelson to the defendant Texanna Nelson, his wife, of certain property, real and personal, owned by him, averring that the transfer was without consideration, and was made for the fraudulent purpose of avoiding the payment of his indebtedness to the plaintiff, and further averring that the defendant, Charles Nelson, had no property, so far as the plaintiff was able to discover, other than the property transferred, out of which the execution could be satisfied, in whole or in part.
The defendants answered, denying the allegations of the complaint, and averring a valuably consideration moving from Texanna to Charles for the property in question, and also that at the time of the transfer to her, she had no information or knowledge of the indebtedness from Charles to the plaintiff. The decree was for the plaintiff, and the defendants appeal.
The defendants ask a reversal on the ground that the judgment is contrary to the law and the evidence. No exception to the judgment was reserved, and for that reason we are precluded from inquiring whether the evidence was sufficient to sustain it. It has been repeatedly held by the supreme court and this court that in a cause tried by the court without a jury the judgment must be excepted to in order to enable the appellate court to review it upon the evidence. Patton v. Coen & T. B. C. M. Co., 3 Colo. 265; Law v. Brinker, 6 Colo. 555; Jerome v. Bohm, 21 Colo. 322; Manners v. Fraser, 6 Colo. App. 21; Whitehead v. Jessup, 7 Colo. App. 460.
The rule does not, however, prevent us from passing upon *533 errors assigned, which appear in the record proper, or occur during the progress of the trial, where exceptions are properly preserved. Colorado Springs Co. v. Hopkins, 5 Colo. 206: Farncomb v. Stern, 18 Colo. 279.
We shall therefore consider the rulings of the court during the trial which .are assigned for error. The court, permitted the sheriff to amend a return. All that we know in relation to this ruling we find in the bill of exceptions, as follows:
“ Plaintiffs here ask that the sheriff of Otero county be permitted to amend the return of his service nunc pro tunc in order to conform with the true facts, in case No. 344.
“Defense objects to the same being allowed, and also moves the court to set aside the judgment in that case as against Charles and Texanna Nelson.
“By Court: The motion to set aside the judgment will be overruled and the sheriff may be permitted to amend his return to conform with the true facts.
“ Defendants Charles Nelson and Texanna Nelson, by their attorney, except to the ruling of the court allowing the sheriff to amend his return upon the summons so as to show that the court had jurisdiction of the person of Charles Nelson and Texanna Nelson at the time; and also except to the ruling of the court in overruling the defendants’ motion to set aside the judgment.”
The foregoing is all that appears in the bill of exceptions in relation to the amendment allowed, and it is insufficient to enable us to pass upon the exceptions. It is inferable that the return amended was a return upon a summons issued in a ease in which Charles and Texanna Nelson were defendants, but what relation that case bore to this case, or why the amendment was desired, or why it was resisted, does not appear. Some attempt at explanation is made in argument, hut our information must be derived from the bill of exceptions. Neither the summons nor the return is contained in the bill, and in the absence of any knowledge on the subject, we must presume that the ruling was proper. For the pur *534 pose of disposing of another allegation of error, we quote further from the bill of exceptions, as follows:
“Plaintiff now offers in evidence the files and judgment roll in case No. 344 in this court in which a judgment was obtained by the First National Bank of La Junta against G. T. Miller, Charles Nelson and W. T. Dunn on the 27th day of December, 1894, for the principal sum of $1,499.17 and costs.
“ Defendant objects.
“ Objection overruled by the court, to which ruling the defendant saves an exception.”
“Plaintiff offers in evidence the transcript of judgment book showing judgment last introduced in evidence, and filed with the county clerk and recorder of Otero county on the 28th day of December, 1894.
“Defendants object.
“ Objection overruled by the court, to which ruling the defendants saves an exception.”
We are powerless to disturb this ruling for two reasons: First. The files, judgment roll and transcript are not before us. We have quoted all that appears in the bill of exceptions concerning them. Without any showing to the contrary, we are bound to presume that they were in all respects regular, and that they were properly receivable in evidence. Second. The objection to their introduction was not sufficient. To merely say “defendants object” is not enough. Objections to evidence must be based on specific grounds, so that the trial court can pass upon them intelligently. Naked objections can not be considered on appeal. All objections made by the defendants to evidence offered were in this form. They are therefore unavailable here, and it not appearing that there was any exception taken to the judgment, it must be held to be sustained by the evidence.
The complaint states a cause of action, and as the cause stated was cognizable only in equity, the defendants were not entitled to a jury.
Let the judgment be affirmed.

Affirmed.