[No. 3566.]

PECK ET AL. v. FARNHAM.

1. DISCRETION—PROSECUTION BY PLAINTIFF AS A POOR PERSON.
It is discretionary with the trial court whether the plaintiff may prosecute his action as a poor person without security for costs.

2. SAME—NOTICE OF MOTION.
The trial court may grant leave to the plaintiff to prosecute as a poor person on application without notice.

3. PRACTICE—JURY TRIAL IN EQUITY CASES.
Neither party is entitled to a jury trial in an equity case as a matter of right, but the court may call a jury to aid it in passing upon questions of fact. In such a case the verdict is merely advisory. Irregularities in the summoning or impaneling of the jury are not assignable as error.

4. SAME.
There is no merit in an application to set aside a special venire served by the sheriff on the ground that the coroner should have served it, when the showing in support thereof was not made until after the venire had been served, and there is an absence of showing that any of the jurors were objectionable or that the party complaining exercised the right of peremptory challenge.

5. IMMATERIAL ERROR.
An erroneous but unprejudicial exclusion of competent evidence does not necessarily warrant a reversal.

*Appeal from the District Court of Gunnison County.*

Mr. THOMAS C. BROWN and Mr. J. R. HINKLE, for appellants.

Mr. ALEXANDER GULLETT and Mr S. D. CRUMP for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The complaint, filed by the appellee George W. Farnham, alleges the formation by the plaintiff and the defendants of a copartnership for the purpose of discovering and locating, working and holding, mining claims. It is also alleged that certain mining claims theretofore located, as well as those thereafter to be located by any of the parties to the agreement, were to be the joint property of the copartners.

The object of the action was to enforce the terms of the agreement with respect to the Iron Cap lode mining claim, which, the plaintiff alleges, was located by the defendants under the said agreement, and in which they refused to recognize plaintiff's claim of joint ownership. The answer denied substantially all of the allegations of the complaint.

Upon the issues joined the court submitted to a jury one interrogatory for their finding, which was as to whether or not such a partnership as was alleged in the complaint was in existence at the time of the location in question; and the answer thereto was in the affirmative. The record does not disclose that this answer was formally approved; but it does appear therefrom that the court found the issues in favor of the plaintiff and against the defendants, apparently basing the finding both upon the answer of the jury and its own deduction from the evidence, and entered a decree adjudging the plaintiff to be the owner of, and entitled to, the possession of, one third of said mining claim.

From this decree the defendants have appealed to this court and assigned numerous errors which in their briefs they discuss under three heads, as follows:

*First.* The court erred in excluding proper, competent and relevant testimony offered by the defendants.

*Second.* The court erred in denying the application of the defendants asking that the special venire issued for jurors be served either by the coroner or some other proper person.

*Third.* Although as a matter of secondary consideration, the court erred in allowing plaintiff to prosecute his suit as a poor person.

These points are considered in their inverse order.

1. Appellants concede that the order permitting plaintiff to prosecute as a poor person is, of itself, not sufficient to reverse the judgment, because it is discretionary with the trial court whether or not security for costs shall, in the first instance, be exacted. *Knight v. Fisher*, 15 Colo. 176. They do claim, however, that the order was irregularly entered, as no notice of the application was given to them. The order was made after the jury was empaneled, and under section 372 of the civil code of procedure notice of motions made during the progress of a trial is not required. But appellants say that the motion was not of a character that could properly be made during a trial. Section 676 of Mills' Ann. Stats. (Gen. Stats. 1883, sec. 399) provides that if any court shall, before or after the commencement of any suit, be satisfied that plaintiff is a poor person, etc., he may be permitted to commence or prosecute his action as a poor person. By this section the court is not confined to any particular stage in the progress of a case, after it is instituted, either before or after the trial is begun, in granting this permission; and certainly in the absence of any showing of an abuse by the trial court of its discretion under this section, or of injury or prejudice to the defendant, neither of which is made to appear in this case, a court of review will not interfere.

2. This action is equitable in its character. Neither party was entitled, as a matter of right, to a jury trial. The court, *sua sponte*, might call and instruct a jury to aid it in passing upon a question of fact, but the finding of the jury would be advisory only, and might be altogether disregarded by the court. For this reason, in such a case, error may not be predicated upon incorrect instructions given to the jury, or upon its verdict. If this is true, then it would seem upon principle to follow that any irregularities or errors committed by the court in summoning or empaneling the jury may not be the subject of complaint by the defeated party. In a proper case where, as a matter of right, the defendant is entitled to a jury, it might be error for the court, where the

showing was sufficient therefor, to deny the request of the defendant to have the coroner, instead of the sheriff, serve the special venire. But in this case, the defendants had no such right that was infringed by the trial court. Courts are not organized merely for the purpose of announcing abstract principles, but it is only where some wrong has been committed prejudicial to the complaining party that they decide cases and apply remedies.

An additional reason for holding this point without merit is that the affidavit in support of defendants' application to set aside the sheriff was not made until after the venire was served by him, and there is an entire absence of any showing that any of the jurors summoned by the sheriff upon the special venire was objectionable, or that the defendants exercised the right of peremptory challenge. As bearing upon these propositions are: *Danielson v. Gude,* 11 Colo. 87; *Ball v. Linn,* 8 Colo. 264; *Porter v. Grady,* 21 Colo. 74; *Saint et al. v. Guerrerio,* 17 Colo. 448.

3. Though not embraced in either of the three propositions above set forth, there is a general assignment questioning the sufficiency of the evidence to support the findings and decree, and argument is made in its support. The evidence is not fully set out in the abstract, but an examination of the transcript satisfies us that, though conflicting, it meets the requirements of clearness, certainty, and convincing force, which the appellants claim is necessary to authorize a recovery in a case like this.

Merely because evidence is conflicting does not, of itself, make it insufficient in these three particulars. Otherwise there never could be a recovery for the plaintiff where the defendant's testimony as to the material issues was opposed to that of the plaintiff. It was the province of the trial court to pass upon the credibility of the witnesses and the weight and sufficiency of the testimony, and if he saw fit to believe the witnesses for the plaintiff, as he had a right to do, the evidence in his behalf meets the requirements of this case, and there is no such infirmity attaching to it as would,

under any of the recognized exceptions to the general rule, make it our duty to set aside the findings of fact made by the trial court.

Passing to the last and specific objection urged against the ruling of the court rejecting evidence offered by the defendants, we find that this offer consisted of three separate location certificates of three several mining lodes, which were signed by the plaintiff, John Latimer and George Porter. Their recitals show that these locations were made during the existence of the alleged copartnership agreement between the plaintiff and the defendants. The avowed object of this evidence was to render improbable plaintiff's testimony that copartnership relations existed between him and the defendants by which all claims located by any of them were to become the joint property of all, by showing inconsistent conduct on his part in making locations for himself and others during the existence of such copartnership. It was also claimed to be material as tending to show a violation of the copartnership agreement by the plaintiff, which would preclude him from insisting upon the enforcement of its terms as against his copartners.

The objection of the plaintiff was that the evidence was incompetent and irrelevant. It is immaterial upon what ground the court excluded the evidence, if the ruling can be sustained upon legal grounds. We think this evidence was admissible and relevant under the issues, but the error in excluding it, harmless. While the abstract is not satisfactory upon this point, the transcript, it seems to us, makes it clear that the plaintiff upon his examination in chief, and also upon his cross-examination, when the substance of these certificates was stated to him, acknowledged that he signed them, admitted his connection with them, and gave such explanation of any apparently inconsistent conduct of his own in connection therewith, and any supposed violation of his duty to the defendants under the contract of copartnership, as satisfied the jury and court of his good faith; and, as it seems to us, if the plaintiff was a credible witness, as the trial court

found, his explanation (which it is not necessary here to give) was altogether satisfactory.

Had these certificates, therefore, been admitted by the court, they would have been evidence of facts tending to weaken the plaintiff's case, which the plaintiff himself had already admitted to be true, and defendants' case would not have been strengthened by their introduction, while the only effect would be to incumber the record with unnecessary matter.

Perceiving no error in the record, the judgment is affirmed.

*Affirmed.*