Bell, J.
Budolph Ahrens, appellee, filed his complaint in equity in the district court of Bio Grande county against *532 August J. Weiss, as sheriff of said county, and The Farmers and Merchants State Bank of Attica, Indiana, appellants, for the purpose of having cancelled and held for naught two so-called certificates of levy filed by said sheriff, under a certain writ of attachment, in the office of the clerk and recorder of said county on the 9th day of February, 1910, against the interests of J. W. Ahrens and O. Lewis Ahrens in Lots 20, 21, 22 and 23 of Block 22, in the West Side Addition of the town of Monte Vista, in said county, and likewise to cancel and hold for naught a certificate of purchase of said property, bearing date January 21st, 1911, issued by said sheriff to The Farmers and Merchants State Bank aforesaid for the sum of $606.25; and prayed that all of said instruments be can-celled upon the records of said county and held for naught and the cloud thereby created upon his title to said property be removed, and that said sheriff be enjoined from making a deed to said property by reason of said certificates or any of them; and the relief as prayed for in said complaint was granted by the court.
On the 9th day of February, 1910, said Farmers and Merchants State Bank filed an affidavit of attachment in said court in an action which it had instituted. against J. W. Ahrens, W. A. Robb and O. Lewis Ahrens, and caused a writ of attachment to be issued thereon directing the sheriff to attach any property belonging to said defendants, or any of them, so as to secure whatever judgment might be obtained against them, and, in pursuance of said writ, said sheriff, on the same day, filed two certificates of levy upon the property above mentioned in manner and form as provided and usually practiced in levying upon real estate under execution,, but wholly neglected to file a copy of the writ of attachment, together with a description of the property attached, with the recorder of said county, except such description as was contained in said certificates of levy. None of the *533 defendants in the attachment suit was served with'said writ of attachment, or personally served with the summons, although they appeared to the action and suffered judgment against them.
On the 10th day of February, 1910, one day after the certificates of levy had been filed, John W. Ahrens, C. Lewis Ahrens and Mayme Ahrens executed and delivered to Eudolph Ahrens, appellee herein, for an expressed consideration of $1,000, a good and sufficient deed for their interests in Lots 20 and 21 above mentioned, and on the same day C. Lewis Ahrens and Mayme Ahrens executed and delivered to the same grantee, for an expressed consideration of $400, a good and sufficient deed for their interests in Lots 22 and 23 above mentioned, and said deeds were duly filed for record in the office of the clerk and recorder of said county on April 30th and April 10th, 1910, respectively.
The sheriff, on the 17th day of March, 1911, something like eleven months after these deeds were filed for record, filed in the office of the clerk -and recorder as aforesaid a copy of the writ of attachment, in a seeming endeavor to make his levy comply with the provisions of section 115 of the Civil Code, page 95 of the Eevised Statutes of 1908, which reads as follows:
“Sec. 19. The sheriff to whom the writ is directed and delivered shall execute the same without delay, * * * as follows:
‘ ‘ First. — Eeal property standing upon the records of the county in the name of the defendant shall be attached by filing a copy of the writ, together with a description of the property attached, with the recorder of the county.
“Second. — Eeal property, or any interest therein, belonging to the defendant, and held by any person, or standing upon the records of the county in the name of any other person (but belonging to the defendant), shall be attached by leaving with such person or his agent a *534 copy of the writ and a notice that such real property (giving a description thereof), and any interest therein belonging to the defendant, are attached pursuant to such writ, and filing a copy of such writ and notice with the recorder of the county.”
The sheriff, it will be noticed, entirely ignored that provision of the section of the code above recited which specifically directs that an attachment shall be levied by filing a copy of the writ, together with a description of the property attached, with-the recorder of the county. If this provision is mandatory, then it would seem that the mere filing of a certificate of levy, without a copy of the writ of attachment, is not effective as against a subsequent purchaser.
In Graham v. Reno, 5 Colo. App., 330-334, 38 Pac., 835, this court, in considering the question of a failure of the sheriff to serve a copy of the writ of attachment and notice on the party in whose name the property stood of record, as required by division second of the section of the code above recited, said:
“It is thus distinctly provided by the act that the sheriff must not only serve the notice and the writ upon the person in whose name the title stands and file his writ with the clerk and recorder of the county, but he must likewise file a copy of the notice with the recorder when he files there the copy of his writ. A failure to pursue the statutory requirements is almost universally held fatal to a levy. — Wade on Attachment, sec. 126; Maskell v. Barker, 99 Cal., 642, 34 Pac., 340; Robertson v. Hoge, 83 Va., 124, 1 S. E., 667; Main et al. v. Tappener et al., 43 Cal., 206; Sharp v. Baird et al., 43 Cal., 577; Arms v. Burt, 1 Vt., 100 (301); Repine v. McPherson, 2 Kan., 340.
“These authorities very clearly sustain the position that there must be a strict compliance with the statutory provision to make a levy valid and a lien upon real property. ”
*535 Our supreme court, iu speaking to the same question, says:
‘ ‘ The remedy by attachment' is purely statutory. It has no existence without the statute. It has an individuality entirely foreign to the common law, and, being in derogation of common right, must be strictly construed. An attachment of real estate and notice thereof is made by filing a copy of the writ, together with a description of the property, with the recorder of the county and by serving a copy of the writ on the defendant.”
Great West Co. v. Woodmas of Alston Co., 12 Colo., 46-55, 20 Pac., 771, Ibid., 108.
At a later period our supreme court, in considering the validity of the levy of an attachment on real estate, said:
“Pull service was held to mean' (in the former case) service upon the defendant personally, if a resident, and filing with the county recorder a copy of the ■ %orit, together with a description of the property sought to be attached.” — Thompson v. White, 25 Colo., 226-231, 54 Pac., 718.
“The statute is mandatory, and, in order to create a valid lien on real property, its provisions must be strictly observed.” (Quoted from dissenting opinion of Justice Beck.) — Raynolds v. Ray et al., 12 Colo., 108-119, 20 Pac., 4.
In the case before us the appellants did not show even a silbstantial compliance with the provisions of the code above recited in the sheriff’s endeavor to make a valid lien or levy on the property in question.
It is said in 4 Cyc., at page 618:
“A statutory provision for the recording of a copy of the writ and descriptive part of the return, in the attachment of realty * * * •, is imperative, and observance thereof is necessary for the preservation of the lien against subsequent purchasers.”
*536 It would seem under the authorities that there was no existing lien on the lots in controversy by virtue of said attachment proceedings as against the rights of the appellee, at least, at the time the deeds to him were filed for record.
Counsel for appellants contend that the deeds to the appellee, filed for record prior to the completion of the levy under the writ of attachment by the sheriff on the property conveyed, were without consideration, fraudulent and void. The trial court heard the parties pro and con on this question, and upon sufficient evidence held said deeds to be valid, and we are bound by its findings on this point.
The appellants also insist that the court erred in denying their request for a jury trial. This action is purely equitable in its nature, instituted solely for equitable relief against the ministerial acts of the sheriff herein stated which clouds the legal title of the appellee to the property above mentioned. It is a well-established’ principle that when a court of chancery secures jurisdiction for the purpose of granting necessary equitable relief, it will try all questions, whether legal or equitable, when it is not deprived therefrom by statute, unless the court itself should elect to submit the questions of fact involved to a jury for the enlightenment of the chancellor’s conscience. However, the chancellor is under no legal obligation to abide by the verdict of the jury under such circumstances if his conscience does not approve of the same. — Abbott v. Monti, 3 Colo., 561-563; Hall v. Linn, 8 Colo., 264-267, 5 Pac., 641; Tabor v. Sullivan, 12 Colo., 136-141, 20 Pac., 437; Londoner v. People, 15 Colo., 141-143, 26 Pac., 135; Saint v. Guerrerio, 17 Colo., 448-456, 30 Pac., 335; Peck v. Farnham, 24 Colo., 141-143, 49 Pac., 364; Nelson v. First National Bank, 8 Colo. App., 531-534, 46 Pac., 879; Sieber v. Frink, 7 Colo., 148-150, 2 Pac., 901.
The appellants further contend that the proceedings *537 here are a collateral attack upon the judgment of the court in the case of The Farmers and Merchants State Bank of Attica, Indiana, v. John W. Ahrens, W. A. Robb and C. Lewis Ahrens in the district court of Rio Grande county.
We do not so understand the proceedings. This is a new suit, a direct action in equity, instituted by Rudolph Ahrens against August J. Weiss as sheriff and said Farmers and Merchants State Bank for the purpose of having said ministerial acts of said Weiss as sheriff can-celled and held for naught so as to remove the cloud on the legal title of the appellee to the premises in controversy. Neither Rudolph Ahrens, appellee, nor the appellant Weiss was a party to the former action. Neither does this proceeding attempt to disturb the judgment against the defendants in the former action. The issues herein were regularly formed and tried in the court below for the purposes aforesaid, and we find no reversible error in the record, and therefore the judgment is hereby affirmed, with costs.

Affirmed.