Morgan, J.
Error to reverse a judgment in an equity case on a directed verdict for the plaintiff upon the evidence of both sides and the subsequent findings of fact by the court.
The suit was brought to. cancel an endorsement of plaintiff on a note for $5000, and to recover $250 that had been paid by the plaintiff, as he alleged, through the mistaken belief that money had been loaned on the note to the makers thereof, when, in fact, no money had been ever loaned on it, but, without authority from the plaintiff, it had been and was held by the defendant trust company as collateral security upon a note of third parties. Whether the note was ever actually negotiated was here a question of fact, which the court determined against the plaintiff'in error.
The action was for equitable relief, and therefore the court could direct a verdict even if the evidence was conflicting, and enter judgment, as was done in this instance, upon its own findings. Sec. 173, Civil Code; Abbott v. Monti, 3 Colo. 561; Kellogg v. Kellogg, 21 Colo. 181, 183, 40. Pac. 358; Cree v. Lewis, 49 Colo. 186, 112 Pac. 326; Weiss v. Ahrens, 24 Colo. App. 531, 536, 135 Pac. 987.
It is clear, also, from defendant’s evidence, that no money was ever loaned or advanced on the note for $5000, and that no authority was ever given, binding upon plaintiff, to use the note as collateral, unless by ratification at the time he paid the $250; but, again, such ratification depends upon the right of the lower court itself to deter *259 mine the matter on the conflict of testimony. As heretofore stated, where the action is for equitable relief, this right is unquestionable, even though a money demand be also involved in the same action. See foregoing citations.
Other errors assigned have been carefully examined and no reason found for reversing the judgment of the lower court, which is hereby affirmed.

Affirmed.