# McGAN ET AL. V. O'NEIL.

1.   The verdict of a jury as to issues of fact framed by the court in a suit in equity, has not the dignity of a like verdict in an action at law.   It is advisory only.   It is the duty of the court in such case to sift the entire evidence, and to found its decree thereon, as may be warranted by all the facts elicited.

2.   Under the old system of practice a final decree could not be entered in vacation.

*Error to County Court in Boulder County.*

CREDITOR's bill.   The case is sufficiently stated in the opinion.

Messrs. ORRIS BLAKE, R. H. WHITELEY and GRANVILLE BERKLEY, for plaintiffs in error.

Mr. W. A. HARDENBROOK, for defendant in error.

THATCHER, C. J.   The bill in this case filed by O'Neil, seeks *inter alia*, to set aside certain conveyances and bills of sale, on the ground that they were executed with intent to hinder, delay and defraud the complainant.   Upon motion of the defendants below, certain issues of fact were framed by the court to be tried by a jury.

Both parties having failed themselves to agree as to what of the issues raised by the pleadings should be submitted to the jury, were content with the issues as framed by the court for trial.   A general objection was made to certain of the instructions given and refused.   As the objection was not specific, in obedience to the uniform practice of this court, it will not be considered.   Besides a very different consideration governs in a chancery cause from that which controls in an action at law. The verdict of a jury as to the issues of fact framed in this case by the court, has not the dignity of a like verdict in a law action.   It is advisory only.   Indeed, the court was not bound to submit any of the issues to the jury.   In *Abbott* v. *Monti*,

3 Col. 562, this court uses the following: "Whether the chancellor shall direct or refuse an issue, rests wholly in his discretion. * * * * If an issue be directed, the verdict of the jury thereon is not binding upon the chancellor's conscience. He is not only at liberty to disregard it, but it is his duty to decide the cause according to the dictates of his own judgment, and the convictions of his own conscience. *Garrett* v. *Stephenson*, 3 Gilm. 278. In an action at law the verdict of the jury is of higher and more solemn import. It is the foundation upon which the judgment of the court must rest. In a suit in equity the verdict is not necessarily the foundation of the decree. It is merely incidental, and may be, and if the chancellor's conscience is not satisfied with it, must be wholly unheeded. No error can be assigned upon the order of the court, either granting or refusing an issue. The trial by jury in such case is not matter of right.

The record, which is very imperfect, seems to show that at the final hearing the court examined at least two witnesses that did not testify before the jury, and the decree is presumably based both upon the evidence submitted to the jury as well as upon the evidence subsequently taken. Upon motion of complainant below it was ordered by the court that the testimony taken in the cause on the trial of the special issues therein before the jury, should be taken down by the sworn reporter, and that the same should be read before the court on the final hearing, with the same effect as though it had been taken before a master on the usual order of reference. In pursuance of this order, the testimony was taken down and preserved. With the view of arriving at the truth, it is the duty of the court to sift the entire evidence adduced, both at the trial of the special issues and at the final hearing, and to found its decree thereon, as may be warranted by all the facts elicited.

In so confused a .state is the record that it is difficult to say that it presents all the evidence taken.

The decree in some of its essentials was not settled and signed during the term. The terms of sale, the length of

notice to be given before the sale, the appointment of the receiver who was authorized by the decree in the making of the sale, and conveying the property to perform the ordinary duties of a master; these and other substantial provisions of the decree were settled in vacation.

The decree is in substance to be treated as a final decree rendered in vacation, and therefore cannot stand.   *Francis* v. *Wells*, 4 Col. 274, and cases there cited.

The decree will be reversed without prejudice to the testimony already taken, and the plaintiff in error will recover costs in this court.

*Reversed.*