## SMITH v. BRUNK ET AL.

1. PROMISSORY NOTES — LEGAL EFFECT OF THEIR ASSIGNMENT.— The assignment of a promissory note vests in the assignee both the note and the security originally given in connection therewith.

2. REFORMING INSTRUMENTS AT THE SUIT OF AN INDORSEE TO EXPRESS THE MEANING OF THE ORIGINAL PARTIES THERETO.— At the time of the execution of a negotiable note the maker also executed a title-bond, agreeing to convey to the payee an undivided one-half interest in certain mining claims, which were carefully described. It was also agreed that the payee should have a lien on these premises for the payment of the note, and the maker inserted a special condition, providing that "this bond shall be and remain a special lien upon, and for the payment" of, the note; but by mistake or fraud he omitted the words " the said property above described " after the words "lien upon." *Held,* that as between an indorsee of the note and the maker, and as against subsequent purchasers or incumbrancers of the premises, with full notice of the payee's and indorsee's rights, the bond would be reformed so as to express the meaning of the parties thereto.

*Appeal from District Court of Summit County.*

Mr. M. B. CARPENTER, for appellant.

Messrs. BAILEY & WILKIN, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

The complaint in this case averred, among other things, that on the 12th day of March, 1884, Brunk made and executed to one Gorton his promissory note for $2,500, payable in two years, with interest at the rate of eight per cent. per annum; that at the same time Brunk

also executed to Gorton a title-bond, agreeing to convey, upon payment of $12,000, an undivided one-half interest in certain mining claims, which were carefully described; that as a part of the same transaction a special agreement was entered into between Brunk and Gorton, to the effect that the latter should have a mortgage lien upon said premises for the payment of the note mentioned, and that the title-bond should contain a paragraph reducing the lien contract to writing; that Brunk drew the alleged bond and mortgage, inserting therein the following clause: "Special Condition. It is agreed by the said George W. Brunk that this bond shall be and remain a special lien upon, and for the payment of, a certain promissory note executed on the day of the date hereof by the said George W. Brunk, payable to the order of S. S. Gorton at the First National Bank of Denver, Colo., two years after the date hereof, for the principal sum of $2,500, with interest at eight per cent. per annum."

The complaint further alleged "that, in writing the said special condition above mentioned, the said defendant Brunk left out, by mistake, inadvertence or fraud, the words, 'the said property above described,' after the words, 'a special lien upon;' that such mistake was not discovered by the said Gorton or defendant Brunk until after the recording of the said title-bond, which was recorded on the 17th day of March, 1884, in Book 51 of Deeds, on page 277, of the records of Summit county, Colo.; that it was the intention of the defendant Brunk to give to the said Gorton a lien upon the said property above described, for the payment of the said note of $2,500, and a good security upon such mining property for the payment of the said note, but that, through mistake, inadvertence or fraud, the bond was drawn, executed, acknowledged and delivered with the said words, 'the property above described,' left out;" that the alleged claim or interest of the remaining defendants in the

premises was procured subsequent to the recording afore-
said; that the promissory note was, before maturity, for
valuable consideration, duly assigned to plaintiff; and that
defendant Brunk was wholly insolvent, and unable to pay
the note or satisfy any judgment obtained against him
thereon.

The prayer was that the instrument be reformed so as
to express the full intention and meaning of the parties
thereto; also that, unless the note and interest be paid,
a decree of foreclosure be entered in accordance with
law.

To this complaint a demurrer was filed and sustained.
Judgment being entered upon these pleadings in favor
of defendants, the present appeal was taken.

The purpose of the parties in executing the instrument
described by the complaint is too clear to be misunder-
stood.  A cursory examination of this instrument shows
clearly that, while intended to be a title-bond, it was also
designed to operate as a mortgage upon the premises
mentioned, securing payment of the $2,500 note.   The
so-called "special condition" is not worded in accurate
legal terms; it was written by Brunk, who was not a
lawyer; but it declares that the bond "shall be and re-
main a special lien upon, and for the payment of, a cer-
tain promissory note," etc. . Lien upon what?  No one
could read the language employed without being im-
pressed with the certainty that some words were omitted,
but no real doubt could exist as to what the omission re-
lated.   The natural and reasonable inference, from the
entire context of the writing, is that the intention of the
parties was to create a valid incumbrance upon the real
estate previously therein described.   It is hardly neces-
sary to remind counsel that we are not here dealing with
a case where no property is described in any part of the
writing.

By the assignment of the note to Smith, the security,
such as it was, passed also to him.  Were Brunk the only

defendant, we would have no hesitation in saying that, upon the averments of the complaint, properly supported by proofs, a court of equity might reform the instrument, and carry out the original intent of the parties thereto. The alleged interest or claim of the remaining defendants did not, under the circumstances, destroy the legal sufficiency of the pleading. The complaint avers that such claim or interest, whatever it might prove to be, was "obtained with full notice and knowledge of the said Gorton's and plaintiff's rights in the premises." This averment might have been couched in more technical language, but its meaning is reasonably plain. Whether appellant relies upon actual notice or knowledge, or upon constructive notice through the prior recording of the instrument, we are not advised; and whether or not the record of the instrument, containing, as it did, the special condition mentioned, and also a perfect description of the property bonded, was sufficient to put them upon inquiry, and thus charge them with notice, we need not now determine. Accepting, as we must, the material allegations of the complaint as true, it does not at present appear that Brunk's co-defendants were in any better position than Brunk himself.

We do not discuss the question of misjoinder of parties. If plaintiff is entitled to a mortgage lien upon the premises, subsequent purchasers or incumbrancers are certainly *proper* parties to his action for reformation and foreclosure.

The court erred in sustaining the demurrer. The judgment is accordingly reversed and the cause remanded.

*Reversed.*