PORTER v. GRADY.

1. PLEADING—GENERAL AND SPECIFIC DENIALS.
The specific denials in the replication to the cross complaint in this action are not inconsistent with the general denial; neither do they limit its force or effect.

2. PRACTICE—MOTION FOR JUDGMENT ON THE PLEADINGS.
When a material fact is put in issue, a motion for judgment on the pleadings should be denied.

3. PRACTICE IN FORECLOSURE CASES.
It is error to dismiss a cross complaint in an action to foreclose a mortgage when it appears that the defendant pleading it is entitled to a second lien upon the premises.

4. JURY IN EQUITY CASES.
The court has a right to call a jury to answer a question of fact in a chancery case, but the verdict, being merely advisory, may be disregarded, and the court, upon the evidence produced, may decide the issue of fact for itself.

*Error to the County Court of Yuma County.*

J. DOUGLAS GRADY, the defendant in error, brought an action to foreclose a mortgage upon certain real estate, exe-

cuted by one Wickliff Newell on the 29th day of November, 1887, and given to secure a promissory note of even date therewith for the sum of $535, payable May 29, 1888. This mortgage was recorded on the 29th day of December, 1887. The plaintiff in error, James R. Porter, was made a party defendant, and answered by a general denial and filed a cross complaint setting forth a mortgage upon the same property, executed by said Newell on the 26th of November, 1886, to secure a certain promissory note of even date therewith, for the sum of $319, payable on or before January 1, 1888. This mortgage was recorded on the 10th day of March, 1888. He further averred :

" That at date prior to the said mortgage in the said complaint mentioned, the said defendant Newell advised the said plaintiff of the giving of the said mortgage by the defendant Newell to the said defendant James R. Porter. That at the said time of the giving of the said mortgage to him, the said plaintiff, as in the complaint is alleged, the said plaintiff well knew of the giving of the said mortgage to the said defendant Porter." .

For replication to this cross complaint plaintiff filed general denial, and specifically denied the allegation that at the time of the execution and delivery of plaintiff's mortgage Newell advised him of the existence of the note and mortgage described in the cross complaint; and also specifically denied that he then or theretofore had knowledge or means of knowledge from any of said defendants, or from any other source whatever, of said mortgage. Newell filed no answer to Porter's cross complaint. Upon these pleadings Porter moved for judgment, which was denied. The cause coming on for trial, the court of its own motion summoned a jury of twelve to try the question of fact, whether Grady, at the time of taking his mortgage, had knowledge of the existence of the mortgage theretofore given to Porter. The jury refused to deliver up the verdict until their fees had been paid. Both parties refusing to pay the fees, the jury was discharged, and the court, upon the evidence introduced, found

that the plaintiff did not have knowledge of the existence of the Porter mortgage at the time of the execution and delivery of the mortgage to him, and ordered " that all costs occasioned by the said James R. Porter's cross bill herein be taxed to the said James R. Porter, including the jury fee herein, and that the cross bill be dismissed."

The journal entry further recites that:

" This cause coming on to be heard as between the said J. Douglas Grady, plaintiff herein, and Wickliff Newell, defendant, * * * the defendant Wickliff Newell made default and the court * * * orders that judgment be rendered against Wickliff Newell and in favor of J. Douglas Grady for the sum of $635.91 and attorneys' fees taxed at $80.25 and all costs, * * * and that the mortgage herein foreclosed be decreed to be the prior and superior lien, * * * and the property sold, * * * and that special execution issue for the sale of said property and that general execution issue for any balance.

Messrs. ROGERS & STAIR, for plaintiff in error.

Messrs. MONTGOMERY & BARNES and Mr. W. E. BECK, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The evidence introduced upon the trial was not preserved by a bill of exceptions, and our review is therefore limited to the record proper. The foregoing statement sufficiently presents the rulings upon which error is assigned. These may be summarized under three heads : *First*, that the court erred in denying motion for judgment upon the pleadings ; *second*, in dismissing the counterclaim ; *third*, in summoning a jury of twelve on its own motion, to try the issue of fact. In support of the first proposition, it is contended by plaintiff in error that the specific denials in the replication to his cross complaint limited the general denial, and being in

themselves insufficient to put in issue the question of notice, that notice was thereby admitted. This claim we think is without merit. The specific denials in no sense admit any fact alleged in the complaint, and, while unnecessary, they were not inconsistent with the general denial, nor did they in any manner limit its force or effect. The question of notice was put in issue by the pleadings, and the motion for judgment thereon was properly denied. The testimony introduced upon the trial not having been preserved by a bill of exceptions, we must assume that the evidence was sufficient to sustain the finding of the court below that Grady's mortgage was a prior lien to that of Porter. The second objection is well taken. It is clear that the court erred in dismissing the cross complaint. The plaintiff in error was entitled thereon to relief against his codefendant Newell, and to have his mortgage adjudged a second lien upon the real estate in question, and to have the surplus, if any, derived from its sale after satisfying the prior lien of defendant in error, applied towards the satisfaction of his claim.

It is unnecessary to discuss the third question presented, since the right of the court to call a jury to answer questions of fact in chancery cases is too well settled to admit of controversy; and we know of no rule that limits the court in calling a full jury for that purpose. And, furthermore, the verdict of the jury in such case being merely advisory, the court may disregard it and decide the issue of fact for itself on the evidence produced. The judgment must be reversed and the cause remanded with directions to the court below to reinstate the cross complaint of plaintiff in error and to grant him the relief he is entitled to thereon as against his codefendant Newell, and decree to him the surplus, if any, derived from the sale of the mortgaged premises, after satisfying therefrom the prior lien of defendant in error. The plaintiff in error having failed to make Newell a party to the proceeding, and the defendant in error being entitled to the decree in his favor, the cost in this court must be assessed against plaintiff in error.

*Reversed.*