[No. 1741.]

LOWELL, STATE AUDITOR, v. BONNEY.

1. MANDAMUS—EXECUTIVE DEPARTMENT.

Mandamus will lie against a member of the executive department of the state to compel the performance of an act purely ministerial and which involves no exercise of judicial discretion.

2. PRACTICE—JUDGMENT ON THE PLEADINGS.

On a motion for judgment on the pleading the general rule is that all the material allegations must be taken as true.

3. MANDAMUS—PLEADING.

In an application for mandamus to compel the state auditor to issue a warrant for services of an officer of the senate, it is not necessary to allege that the money is in the treasury against which the warrant can be drawn, but the warrant may be drawn in anticipation of the revenue.

4. MANDAMUS—LEGISLATIVE OFFICER—CERTIFICATE OF PRESIDING OFFICER.

A certificate of the presiding officer of either house of the general assembly as to the election and services of any officer or employee of such house is conclusive upon the state auditor, and he has no authority to go behind such certificate to inquire whether such officer was elected or whether he performed the services.   His duty to issue a warrant for the salary of such officer as fixed by statute

upon the presentation of such certificate is ministerial, and mandamus will lie to compel the issuance of the warrant.

*Appeal from the District Court of Arapahoe County.*

Mr. B. L. CARR, attorney general, and Mr. CALVIN E. REED, for appellant.

Mr. WM. J. THOMAS, for appellee.

BISSELL, P. J.

This proceeding by way of mandamus against the state auditor is to compel that official to issue his warrant for $65.00 which represents the *per diem* which the petitioner insists he was entitled to receive for services rendered as assistant secretary of the senate of Colorado at its special three days' session, called by the executive to pass the general appropriation bill which had failed during the regular session. The amount involved is only $50.00 since the auditor admitted $15.00 to be due, but it concerns the executive and legislative departments of the government and is consequently of grave importance. It would have been a case of great difficulty but for the antecedent decisions of the supreme court on the principal legal propositions suggested. If the claim was not for the compensation of one connected with the legislative department, but grew out of a contract for other services or for materials furnished, there might be some question under our peculiar legislative provisions whether the action of the auditor could be reviewed by the courts. As we look at it, the cases which will be hereafter cited clearly demonstrate that mandamus will lie even against a part of the executive department to compel action, where the thing to be done may be regarded as ministerial, a purely executive function, and which requires the exercise of no judicial discretion. We are not required either by the exigency of the situation or by the peculiar circumstances of the record to consider this matter, nor to determine when and under what circumstances

the right to review the action of the executive department is precluded, because the act sought to be compelled is of a judicial character.

From the alternative writ and the return, it appears Bonney, who had served as reading clerk at the regular session of the legislature of 1897, was elected assistant secretary of the senate at the special session. The election is conceded. The return attempts to raise some questions of fact, but as nearly as we may gather there is no denial which tendered an issue otherwise than as respects the performance of the duties of assistant secretary. We are compelled to concede the return contains allegations directed to this point. As will be afterwards seen, we do not concede the pleading legally presents the question. The writ alleged, aside from these general facts of election and service, an appropriation of $3,000, although it does not aver that the money had been collected and was in the treasury at the time the claim was presented to the auditor. The alternative writ did not state what possibly may be more a matter of evidence than pleading, the facts by which it was expected to establish the actual service as assistant secretary. The attorney general, however, in preparing the answer, set up as part of one of his allegations the certificate evidencing Bonney's appointment and service. This is stated as of the 8th of April, 1897, directed to the auditor of state and certifies substantially that Bonney had served as assistant secretary and acting reading clerk in the extra session of the senate of the eleventh general assembly for thirteen days, and was entitled to *per diem* for the same. It is properly signed by Lieut. Gov. Brush, president of the senate, and by Stanley Stokes, its secretary. Notwithstanding the plea of this certificate, the attorney general went on to allege that the petitioner did not serve the state as assistant secretary at the extra session or in any other capacity for a period of ten days after its adjournment. The plea was probably put in that form because under the act of 1895, Session Laws of 1895, pages 183, 186, it was enacted that the assistant secretary of the senate should receive $5.00 per day

and should be allowed pay for ten days after the final adjourn-ment for completing the records of the senate. It was under that statute which fixed the compensation of this particular officer that the certificate was made and thereon the claim was based which was presented to the auditor. The auditor assumed he had a right to investigate the fact of the service and for himself determine whether Bonney had served in that capacity and was entitled to the money, and concluding against him rejected the ten days' claim amounting to $50.00. The attorney general in his plea attempts to present the same question.

On these pleadings, and they need not otherwise be stated, there was a motion for judgment which was granted. Error is laid on this action of the court because it is insisted a question of fact is raised by the plea, and if proof was made on it judgment would not of necessity follow, providing it was sustained, and therefore, the contention is, judgment on the pleadings could not be rendered under the general rule that all the material allegations must be taken as true where this motion is made. *Rice v. Bush et al.*, 16 Colo. 484; *Hasting v. Bank of Longmont*, 4 Colo. App. 419; *Porter v. Grady*, 21 Colo. 74.

We concede the general proposition, but as we view it, it is inoperative because, although the attorney general attempted to raise an issue of fact respecting the service, his plea of the certificate which was set up in *haec verba* completely nullified the general allegation.

We do not concede the contention that there must be in an application of this sort an allegation that there is money in the treasury against which the warrant can be drawn, nor that this point is supported by the authorities in our own state. It has been held in other jurisdictions the averment must be made and the fact must be set up in an application for the writ. It is tolerably well settled in this jurisdiction, as appears from the many cases hereinafter cited, that the public revenue may be anticipated. *Goodykoontz v. People*, 20 Colo. 374. The same rule has been expressed in other cases and

it may be taken as the settled law of the state. This disposes of the argument. The warrant was not to be drawn upon any special fund. This clerk was a component part of the legislative department of the government, and his salary, like the salary of the legislators and of the officers in the executive and judicial departments, was a preferred claim and was to be first paid before other warrants should be honored by the treasurer. Under these circumstances, when the making of the appropriation is set out, and so far as appears from the alternative writ and the return was ample for the purpose, and the revenue could be anticipated, the drawing of the warrant was a legitimate and official act on the part of the auditor and the money would have been paid by the treasurer upon the incoming of funds or in anticipation of the revenues. *Nance, State Treasurer, v. Stuart*, 12 Colo. App. 125. In this case the bulk of the decisions in the supreme court are gathered together and may be referred to without further citation. We are quite ready to concede the case of the *People v. The Auditor*, 2 Colo. 97, would appear to be against this position. That was an application against the auditor, and therein the court held, speaking by Judge Belford in territorial times, that the action of the auditor with respect to a bill was of a judicial and discretionary character and could not be considered by the courts. As a general proposition this may be true with reference to bills akin to that then under consideration. We can conceive of a good many cases to which the rule would apply and where mandamus would not run against the official. It is not applicable, however, in the present case, and it appears very clearly from the case of the *People v. Spruance*, 8 Colo. 307, that where the constitution requires the passage of a law fixing the rates of compensation and the law has been passed, the auditor is bound to obey it as long as it remains in full force. That case lays down this general doctrine. It undoubtedly holds that there may be cases wherein the auditor would not be bound by the law, where the law was unconstitutional as in that particular case, because it was an at-

tempt to increase the salary of an officer during his term, or after the performance of his service. No such question is presented here. This is a naked case of a statute which fixes the compensation of a particular part of the legislative department of the government, to wit, the assistant secretary of the senate, which is evidenced by the certificate under the hands of the proper official, and the only question here is, whether the auditor has a right to go behind the certificate and determine for himself whether or not the party was elected as an officer, and whether he performed the service for the other branch of the government. As we look at it, this question is concluded by a provision of the statute, and we are unable to see that the auditor has any discretion in the premises. We regard him as bound by the certificate and compellable to issue the warrant. The legislature is the supreme governmental power in the state. Both the executive and the judicial departments, within certain limits, are undoubtedly subject to their control. It cannot be that the executive officials have a right to control or interfere with the legislative department in the discharge of its duties. Its will is supreme and its mandate when issued must be obeyed, nor do we now see any case in which the executive officer is at liberty to disregard the legislative will when expressed in constitutional fashion by a regular and legitimate act duly passed. The legislature creates the office of assistant secretary of the senate, prescribes his compensation, and enacts that he shall receive compensation for ten days after the expiration of the term for the performance of duties which the legislature has imposed upon him. The legislature went further and passed an act which was in full force at the time this certificate was issued and presented to the auditor, in effect that every officer and employee of the assembly should receive from the presiding officer of the house to which he belonged, a certificate setting forth his service, and further directly enacted that this certificate when presented to the auditor should entitle the holder to a warrant, and further enacted that the auditor should draw the warrant on the

treasurer, according to the certificate. General Statutes of 1883, sec. 1582. This statute was in force at the time the certificate was issued, and at the time it was presented to the auditor, and when his action was requested. Under these circumstances we regard this certificate as conclusive upon the auditor. We see no escape from the conclusion that the act which he was called on to perform by this writ was purely ministerial and mandamus to compel performance was properly issued. We can find within the return of the auditor no matter of fact, or question of law presented which would constitute any defense, and we believe the court below was right when it directed the peremptory writ to go, compelling the auditor to issue his warrant in accordance with the prayer of the relator.

The judgment on the pleadings seem to us entirely right, and since the action of the court accords with this position, it follows that its judgment must be affirmed.

*Affirmed.*