No. 8807.

MOORE v. DENVER PUBLISHING COMPANY.

LANDLORD AND TENANT—*Lease Construed.* The lease of a store room for six months provided that if the tenants should "elect to continue their occupancy * * * beyond July, 1914, it shall be a monthly rental of $100.00, for the ensuing six months * * * with $8.00 monthly in advance for steam heat for October, November and December, 1914, and January, 1915.

The tenants continuing in possession subsequent to July, their tenancy became one for six months, and not a monthly tenancy.

*Error to Denver County Court, Hon. E. J. Ingram, Judge.*

Mr. T. E. MCINTYRE, for plaintiff in error.

Mr. M. H. KENNEDY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF brought suit in a justice court to recover a sum alleged to be due as rent of a store building in Denver. She had judgment for $212.00 and costs. Defendant appealed the case to the County Court, where plaintiff was non-suited, and judgment entered for defendant. Plaintiff brings the case here for review.

The premises were turned over to the defendant company under the following instrument:

"Received of The Denver Publishing Company the sum of one hundred and eighty-four ($184.00) dollars, being full payment of steam heat and rent of store room No. 1530 Champa Street, Denver, Colo., for the months of February, March and April, 1914.   It is hereby agreed and understood that the rental for the next quarter year (May, June and July, 1914), is to be two hundred ($200.00) dollars and to be paid by said Publishing Company, on the 1st day of May, 1914.   It is hereby further agreed and understood by and between the parties hereto, that provided the said Publishing Company elect to continue their occupancy of said premises beyond July, 1914, it shall be at a monthly rental of one hundred ($100.00) dollars for the ensuing six months, payable monthly in advance, with an additional payment of eight ($8.00) dollars monthly in advance for steam heat, for the months of October, November and December, 1914, and January, 1915."

The company paid the rent and occupied the premises for the two quarter periods, held over during August and September, paying the monthly rental for these months, and moved out on the 1st of October, 1914.   The key was surrendered to plaintiff, who tendered it back again to the company, with the notification that she intended to hold defendant to the lease, and that she would endeavor to re-rent the property on behalf of the defendant.   When suit was brought under the above lease credit was given defendant for rent so collected.

The sole question is whether the lease agreement relating to the period after July, 1914, was a lease for a period of six months, or merely a month to month letting. A tenancy from month to month is defined in *Hurd v. Whitsett*, 14 Colo. 77, as one where no definite time is specified, and the rent is payable monthly.   The agreement herein expressed provides a definite time in that, should the company elect to continue its tenancy after the expiration of the quarterly period ending in July, 1914, it should be for the ensuing six months, with the rent payable monthly, instead of quarterly,

as before. It further provides an extra charge for heating during the winter portion of this six months term. The provision for payment of heating charges is fixed and certain, not conditional, and strongly indicates that the lease was for a six months term. The option given by the instrument permitted the company to hold over after the expiration of the second quarter, ending in July, but having elected to hold over, the tenancy became one for six months, instead of three, as theretofore, with rent payable monthly, instead of by the quarter, as in the former tenancies.

Judgment reversed and cause remanded for further proceedings in conformity with the views herein expressed.

Decision *en banc.*