## No. 8780.

### STEWART v. BRECKENRIDGE, ET AL.

Decided December 3, 1917.   Rehearing denied January 7, 1918.

Action to foreclose mechanics' lien.   Judgment for plaintiffs.

*Affirmed.*

1. EQUITY—*Trial—Verdict of Jury.*   In the trial of an equity case, the verdict of a jury is only advisory to the court, and error can not be assigned on instructions given or refused.

2. CONTRACT—*Building—Authority of Architect.*   Where a building contract provides the architect shall determine the "construction and meaning of the drawings and specifications", he is empowered to decide whether drawings or specifications shall govern in case of conflict between them.

3.     *Building Contract—Rights of Owner.*   In the construction of a building under contract, there must be a substantial compliance only, with its terms, and deviations or omissions not due to bad faith, which do not impair the structure as a whole and which can be conveniently remedied, do not justify a claim of non-compliance with the contract.

4.     *Building Contract—Waiver.*   Construction of a part of a building which has been approved by the owner or architect, expressly or by implication, is not open to objection by them afterwards, so as to defeat a suit on the contract.

5. APPEAL AND ERROR—*Findings of Fact.*   Findings of fact by the trial court, which are supported by the evidence, will not be disturbed on review. .

*Error to the District Court of Pueblo County, Hon. J. E. Rizer, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Messrs. HARTMAN & BALLREICH, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

·THE defendants in error obtained a judgment against the plaintiff in error for a balance due on a contract for the building of a house, and she brings the case here for review.

The defense was that the work had not been done according to the contract, and that the final certificate by the architect was given after he had been discharged.

The action was to foreclose a mechanic's lien, and the court called a jury to try the issues, which returned a verdict for the amount claimed. The court adopted the verdict, found the plaintiffs entitled to a lien, and entered judgment accordingly.

Plaintiff in error contends that the evidence was insufficient to justify the verdict and judgment, and that there was error in the instructions.

Since in this case the verdict was only advisory, error cannot be assigned on the instructions, either given or refused. *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Kellogg v. Kellogg,* 21 Colo. 181, 40 Pac. 358, 16 Cyc. 422.

It might be said, however, that the instructions amount to findings of law, and hence, if they did not announce correct rules of law, it must be held that the court did not properly apply the law to the facts.

The principal objection made to the instructions is that they ignore the alleged discharge of the architect, and treat the final certificate as valid and binding. It might be necessary to determine the force of said certificate had the court treated it as determining the question of compliance with the contract; but, inasmuch as there was testimony upon every part of the work alleged to have been improperly done, or not done at all, as well as to the materials of which complaint was made, we cannot assume that the court's conclusions rested upon the certificate.

The other ground urged for reversal is that the evidence does not support the findings. It may be conceded, as claimed, that the contract gave the architect no authority to waive substantial compliance with it, or to make material changes in the form of or materials for the building; but it did authorize him to determine the "construction and

meaning of the drawings and specifications." That, of course, empowered him to decide whether drawings or specifications should govern in case of conflict between them.

This makes his decision final as to the window sills, since there was as to these a conflict between the plans and the specifications, and this is true also as to the glass on the sides of the front door.

That the trees were not moved from the parking was admitted, but the testimony of the defendants in error that Mrs. Stewart directed them to leave the trees there is not disputed. Likewise it is not disputed that she selected the brick, which she now alleges are not according to the specifications. The witnesses best qualified to testify on the stone used agree that the foundations and the window sills are of the stone specified, and none of the witnesses to the contrary show any special knowledge on the subject. There is no testimony to support the charge that the floor in the attic is not as specified, but that it is so is established.

There was an abundance of evidence to support a finding that the plastering was not open to the objection made to it.

Counsel for plaintiff in error cites cases to support his petition as to the right of an owner to have his wishes, as expressed in a building contract, carried out; but the cases hold only that there must be a substantial compliance with the contract. *Idaho G. C. M. Co. v. Colo. Iron Works,* 49 Colo. 72, 111 Pac. 553; *Glacius v. Black,* 50 N. Y. 145, 10 Am. Rep. 449. Deviations and omissions, not due to bad faith, which do not impair the structure as a whole, which can be conveniently remedied, and which may be paid for by deductions from the contract price, do not justify a claim of noncompliance with the contract. *Pippy v. Winslow,* 62 Ore. 219, 125 Pac. 298.

That part of a building which has been approved by the owner or the architect, expressly or by implication, is not open to objection by them afterwards so as to defeat a suit on the contract. *Wildey v. School District,* 25 Mich. 419; *Ashland Lime Co. v. Shores,* 105 Wis. 122, 81 N. W. 136.

The matters above mentioned appear to have been approved by the architect before his discharge.

The objection that Yale locks, required to be used in doors on the first floor, were not so used comes within the above named rule; they can be easily changed; and whether or not the use of other kinds of locks, which the evidence showed were as good as the Yale locks, entitled the defendant to a deduction from the contract price was for the trial court to determine.

The only other matter of which the defendant complained was that Oregon fir was used in the porch columns, instead of New Mexican pine.  The architect testified that the plans were changed so as to make these columns longer and larger than those shown in the plans, and that, for this reason, he changed the material, the fir being, in his opinion, better than New Mexican pine.

Such a change does not come within the reason of the rule which protects the owner's right to have a building constructed according to his wishes, as expressed in a building contract, since it does not appear that the change affects the appearance of the columns, and there is evidence that the substituted wood is better for the purpose than the kind specified.  Here, again, it was for the court to determine whether or not any deduction should be made on account of the change.

It appears that the installation of the elevator was the last work done under the contract, and that was accepted by the architect before his discharge; and, further, that all the other work had theretofore been approved by him. In view of this fact, and the abundant evidence to support the findings, we see no reason for rejecting them.

The judgment is accordingly affirmed.