## No. 10,988.

SHERIDAN OIL CORPORATION, ET AL. *v.* DAVIDSON.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action to rescind sale of corporate stock. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Fraud—Rescission of Sale.* In an action to rescind a sale of corporate stock on the ground of fraud, it is not neces-

sary for plaintiff to allege damage in the way of a pecuniary
loss. There being a false representation, and it appearing from
the complaint that plaintiff did not receive the full benefit that
he would have received if the representation had been true, a
general demurrer was properly overruled.

2. FRAUD—*Remedies.* Where a party is induced to enter into a con-
tract by fraud, he may have it rescinded, even though the facts
would sustain an action at law for fraud, and the existence of
the latter remedy is no ground for dismissing his suit in equity.

3. APPEAL AND ERROR—*Equitable Action—Instructions.* In an equity
case, the verdict of a jury is advisory only, and no error can be
assigned to the giving or refusal of instructions.

4. *Pleading—Motion to Make More Specific.* The granting or re-
fusal of a motion to make a pleading more specific, is dis-
cretionary with the court, whose action thereon will not
constitute error in the absence of a showing of abuse of dis-
cretion.

5. PLEADING—*Tender—Judgment.* In an action to rescind a sale
of corporate stock, failure of plaintiff to plead a continuing
tender of the stock, held insufficient to warrant disturbing the
judgment, where the decree provided for its return to defend-
ant.

6. EVIDENCE—*False Representations.* In an action to rescind a sale
of corporate stock on the ground of false representations, the
fact that the sales agent made similar false statements to
others, held admissible in evidence for some purposes.

An offer by defendant to show that the agent made a truth-
ful representation regarding the same subject matter to another
person, was properly refused.

*Error to the District Court of Las Animas County, Hon.
A. C. McChesney, Judge.*

Mr. SAMUEL FREUDENTHAL, for plaintiffs in error.

Mr. FRANK H. HALL, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit to rescind sales of corporate stock. The
complaint refers to a purchase of 500 shares, but the evi-
dence discloses two sales, totalling that amount. As to
one, being of 300 shares, there was a judgment for plain-

tiff.   The defendants now apply for a supersedeas on such judgment.

The rescission was sought upon the ground of fraud. Defendants demurred to the complaint on the ground that it states no cause of action.   The demurrer was overruled, and error is assigned to the overruling of the same.   It is contended by plaintiffs in error that the complaint is fatally defective because no injury is alleged as the result of the fraud.

The complaint, after referring to certain representations not necessary to be now noted, contained the following allegation:   "That the defendant Whipple prior to the purchase and sale of said stock,   *   *   *   showed to this plaintiff a bottle containing gasoline and told this plaintiff that it was impure gasoline which had been taken from the well of The Sheridan Oil Corporation then being drilled in Las Animas County, Colorado, all of which said representation were well known by the said E. E. Whipple to be absolutely false and to have no foundation in fact   *   *   *."

No where in the complaint is there any allegation concerning the value of the stock which plaintiff purchased, nor are there any allegations expressly showing that injury resulted to plaintiff as a result of the misrepresentations. In view of that situation, plaintiffs in error cite *Belmont, etc., Co. v. Costigan,* 21 Colo. 471, 42 Pac. 647, which was a suit to rescind a contract of sale of a mine, and where it was said that in such an action there must be alleged "the telling of an untruth, knowing it to be an untruth, with intent to induce a man to alter his condition, and his altering his condition in consequence, whereby he sustains damage."

It is not necessary, however, to allege damage in the way of a pecuniary loss.   In 2 Black on Rescission and Cancellation, p. 901, the author says:   "When a stock subscription has been obtained by fraud, the subscriber is entitled to maintain a bill in equity to annul the same, without alleging or proving that he has sustained any pecuniary loss by reason of the fraud."

And in 14 C. J. 614, referring to the rule that injury must be shown, it is said: "But there is damage or injury within this rule if the party complaining does not receive the full benefit that he would receive if the representations were true, although the stock may be worth what he paid for it."

The principles above stated were announced in *Stern v. Kirby Lumber Co.*, 134 Fed. 509, where the court concluded that injury was sufficiently shown because "the reasonable deduction from the allegations of the bill is that the plaintiff's stock would have been of greater intrinsic value if the assets of the corporation had been such as they were represented to be." So in the instant case, the complaint is sufficient as showing injury, which need not be a pecuniary one, because if the well in question was not producing oil or gasoline, the assets of the corporation were not such as they were represented to be by defendant's statement that the impure gasoline in the bottle exhibited by him had been taken from the company's well. The plaintiff did not receive the full benefit that he would have received if the representation was true. There was no error in overruling the demurrer so far as the question of pleading injury is concerned.

The plaintiffs in error treat this cause as one in equity to rescind, rather than one at law where a buyer rescinds by his own act and then sues to recover back the purchase price. Treating the case thus, plaintiffs in error contend that the demurrer should have been sustained, or that plaintiff should have been afterwards nonsuited, because it was neither pleaded nor proven that plaintiff has no plain, adequate and complete remedy at law, and a line of authorities to support that contention are cited. See 9 C. J. 1172. It is conceded, however, that there is a large number of cases, involving rescission or cancellation of contracts, holding that adequacy of legal remedy does not affect exercise of equity jurisdiction. 9 C. J. 1170. Without at this time concurring in either line, we take the view expressed in 2 Black on Rescission and Cancellation, 1485, sec. 646, where

the author says: "* * * The general opinion is that where a party is induced to enter into a contract by fraud or false representations, he has an absolute right to have it rescinded, and that though the facts may be such as would sustain a commonlaw action for fraud and deceit, and though he may, if he chooses, elect to pursue that course, he cannot be compelled to do so, and the existence of such a remedy at law is no ground for dismissing his suit in equity.. The reason is that suing on a voidable contract, or suing for the fraud and deceit, is an affirmance or ratification of the contract, and leaves the plaintiff with all the consequences of the contract on his hands, whereas his chief object may be to rid himself of it entirely."

There was no error committed below, with reference to any ruling or any question involving equity jurisdiction.

Since both parties treat this as a suit in equity, we are at liberty to do likewise. This being the situation, there was no error in the refusal to give the instructions requested by defendants. The verdict was advisory and no error can be assigned on the instructions, either given or refused. *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Stewart v. Breckenridge,* 69 Colo. 108, 169 Pac. 543.

The contention that it was error to overrule a motion to make the complaint more definite and specific may be answered by stating that it does not appear, and nothing is pointed out to show, that the court abused its discretion in overruling the motion. 4 C. J. 801; *Mulligan v. Smith,* 32 Colo. 404, 76 Pac. 1063.

It is claimed that the complaint fails to make a proper tender back of the stock. It does allege a tender before suit. The failure to allege a continuing tender is not such a defect as to warrant disturbing the judgment, since the court in its decree provided that the certificate of stock be returned into court for the use and benefit of the defendants.

Error is assigned to the court's allowing a witness for the plaintiff to testify that the defendant Whipple made to him, the witness, the same false representation as that

made to plaintiff, which alleged false representation is the one principally relied upon by plaintiff as the basis of this suit. Such evidence was, for some purposes, admissible. 6 Enc. of Ev. 33, 34; 27 C. J. 61. There was no error in overruling an objection to the admission of the evidence.

The defendants offered to show that the defendant Whipple made a truthful representation to one Chesley regarding the subject matter involved in the alleged false representation to plaintiff above mentioned. There was no error in refusing this evidence, for the defendant might have been truthful with Chesley and yet not with plaintiff. 27 C. J. 55.

Other questions are raised by the assignments of error and in the briefs, but they are not of sufficient importance to require further prolonging this opinion. We find no reversible error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.