## No. 11,197.

## NIELSEN *v.* HANSFORD.

Decided December 14, 1925.   Rehearing denied January 11, 1926.

Action for damages for false representations.   Judgment for defendant.

### *Reversed.*

1.   DAMAGES—*Measure.*   In an action for damages for false representations in the sale of corporate stock, the measure of damages is the difference between the actual value of the stock, and its value if the representations had been true.

2.   FRAUD—*False Representations—Damages.*   In an action for damages for false representations, actionable false representations being proven, plaintiff is entitled to at least nominal damages.

3.   DAMAGES—*Tort—Uncertain—Jury Estimate.*   In tort actions, although the actual damages may not be accurately measured, the plaintiff will not be limited to merely nominal damages, but is entitled to the jury's estimate.

4.   FRAUD—*Sales—Rescission.*   In a transaction involving alleged false representations in the sale of corporate stock, on discovery of the deceit plaintiff has a right to tender a return of the stock and ask judgment for the purchase price.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. J. J. LATON, for plaintiff in error.

Messrs. MELVILLE, MELVILLE & TEMPLE, for defendant in error.

*Department Three.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below directed a verdict for defendant Hans-

ford in a suit by Nielsen against her for false representations in the matter of sales by her to him of certain oil stock. The ground for the court's action was that no damages were proved, though material false statements were made, among which were that the corporation which issued the certificates owned certain valuable property, including the stock in question. However, since the statements were false, the stock was of less value than if they were true, and the measure of damage is the difference between the actual value of the stock and its value if the representation had been true; plaintiff must therefore have suffered some damage and so might at least have had nominal damages (*Patrick v. Colo. Smelting Co.*, 20 Colo. 268, 277, 38 Pac. 236; *Goldstein v. Rky. Mtn. Env. Co.*, 78 Colo. 341, 241 Pac. 1110, decided at the present term; 17 C. J. 720, 725) ; and in actions for torts if the actual damages cannot be accurately measured, the plaintiff will not be limited to merely nominal damages but may have the jury's estimate (17 C. J. 725; *Gilbert v. Kennedy*, 22 Mich. 117; *Chaplin v. Hicks*, 2 K. B., Div. 1911, Vol. 2, 786) ; therefore the case should have gone to the jury.

The above is said upon the district court's theory that the action was for damages for false statements, but plaintiff alleged that he tendered a return of the stock on discovery of the deceit, and he prayed judgment for the purchase price. This he had a right to do. *Sheridan Co. v. Davidson*, 75 Colo. 584, 227 Pac. 553, and if his allegations and proofs should be sufficient in that respect the jury should be instructed accordingly.

The plaintiff might recover upon either theory which he might elect and could prove, but, of course, not upon both.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.