## No. 11,565.

### LIVINGS *v.* TYO.

Decided February 14, 1927. Rehearing denied February 28, 1927.

Action to foreclose mortgage on real estate. Decree reforming the mortgage and foreclosing the same as reformed.

### *Affirmed.*

1.   EQUITY—*Trial—Jury.* Findings of fact by a jury called by the court in an equity case, are advisory only, and in no sense binding upon the chancellor.

2.     *Reformation of Instruments—Mortgage—Foreclosure.* Where a deed to land and a mortgage back for a part of the purchase price contained an erroneous description inserted by mutual mistake of the parties, it was proper for the court, in an action to foreclose the mortgage, to reform the instruments and decree a foreclosure of the mortgage as reformed.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. D. W. ROSS, Mr. E. M. EAGLETON, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by S. A. Tyo against Mrs. Marine Livings to foreclose a mortgage upon the latter's real estate that was executed by her to secure her promissory note to plaintiff in the sum of $2,500, the same representing the balance of the purchase price of property sold and conveyed to her by the plaintiff. The affirmative defense of the grantee defendant's answer is the only part of that pleading that bears upon this controversy as it is presented on review. This counterclaim in substance avers that in the purchase of this land by the defendant she was represented by her husband and the plaintiff was represented by his son; that the contract was oral and that false representation was made by the plaintiff through his agent, which was the inducement to her to buy; that the subject matter of the contract included all of block 18 in South Fruitmere, a part of, or adjacent to, Canon City which plaintiff then owned; that the description in the deed did not include all of this land and had not the defendant believed that it did, she would

not have accepted the deed or executed the note and security mortgage on which this suit is brought, and would not thereafter have paid any part of the principal, interest or taxes as she did in the belief that the description included the entire tract. She prays that the note and mortgage in question be cancelled and delivered to her, and that she be permitted to convey to plaintiff the land described in the deed. She further asks for damages in the sum of $600, which amount she paid on the purchase price, together with interest thereon and for taxes which she thereafter paid upon the property. To the counterclaim the plaintiff filed a replication which in substance is that the intention of the plaintiff as the grantor in the deed was to convey, and the intention of the defendant grantee was to receive, all of this tract of land which plaintiff then owned; that the tract in question consists of three separate parcels each of which was at the time separately fenced, sufficiently to indicate the boundary of each tract; that by a mutual mistake of the plaintiff and defendant, acting by their respective agents, the deed of conveyance to the defendant from the plaintiff covered only one of the three tracts, whereas it should have contained, and was supposed by the parties that it did contain, a description of all. Possession of all of the three tracts—being all plaintiff grantor then owned—was taken by defendant grantee, and she has ever since the sale remained in possession thereof and enjoyed the unrestricted and full use of the same. The replication further alleges that not until the counterclaim of the defendant was filed in this foreclosure suit was he aware of the error in the description, and that the plaintiff has brought into court and tenders to the defendant a deed including all the land in question, which was the subject matter of the conveyance. Plaintiff prays that the mortgage be reformed, as to the description therein, to make it correspond with and conform to the description in the tendered deed and, as thus reformed, that the corrected mortgage be foreclosed,

in lieu of the incorrectly described mortgage set out in the complaint, and for all appropriate relief.

The suit is one in equity. The court called a jury to pass upon certain issues of fact tendered by the pleadings. Several questions were answered by the jury in favor of the defendant, which the court promptly set aside as contrary to all of the evidence in the case and thereafter, upon all the facts before it, entered a decree reforming the mortgage, and foreclosed the same as reformed. To the final decree this writ.of error has been sued out by defendant mortgagor.

This court in a number of decisions has adopted the rule of the English Chancery Court that the findings of fact by a jury, called by the court, of its own motion, are advisory only and in no sense binding upon the chancellor. *Abbott v. Monti,* 3 Colo. 561; *McGan v. O'Neil,* 5 Colo. 58; *Porter v. Grady,* 21 Colo. 74, 39 Pac. 1091; *Kellogg v. Kellogg,* 21 Colo. 181, 40 Pac. 358; *Stewart v. Breckenridge,* 69 Colo. 108, 169 Pac. 543. The evidence in this case, as the trial court correctly found, did not justify the answers made by the jury to the questions submitted to it. On the contrary it clearly showed without contradiction, as to any material matter, that both parties intended that all of the land which the plaintiff Tyo owned was to be conveyed to the defendant, and both of the parties supposed the description in the deed covered the entire tract which the plaintiff grantor owned. The mistake was mutual, and not discovered by the grantor plaintiff until the filing of the answer and counterclaim, and promptly thereafter plaintiff asked that the mortgage and deed be reformed to correspond to the sale agreement. The court rightly reformed the deed and the mortgage and rightly foreclosed the same in the same suit. Pomeroy's Eq. Jurisprudence (2d Ed.), secs. 870, 1376; *Beardsley v. Knight,* 10 Vt. 185; *Willis v. Henderson,* 4 Scam. (Ill.) 13, 38 Am. Dec. 120; 34 Cyc. p. 924; *Denver B. & M. Co. v. McAllister,* 6 Colo. 261,

265; *Park v. McKee,* 24 Colo. App. 11, 131 Pac. 279; *Smith v. Brunk,* 14 Colo. 75, 23 Pac. 325.

None of the authorities relied upon by the plaintiff in error are in point. They are inapplicable to a case of mutual mistake. 39 Cyc. pp. 2005, 2006; Elliott on Contracts, sec. 2412. The defendant grantee mortgagor suffered no damage by reason of this mistake, as the court found, and the vendor was able, ready and willing to, and did, correct it as soon as the same was discovered. The election of the defendant grantee mortgagor to rescind, because her deed from the plaintiff did not include all of the land which she bargained for, could not properly be allowed by the court since, as already stated, the defendant was able, willing and ready to amend the mistake which works no injury whatever to the grantee mortgagor when the rectifying deed is delivered to her. We cannot, therefore, set aside the findings of the trial court or its decree which necessarily followed from, and was properly based upon, the findings.

There is a further contention by the defendant that the land which she supposed she was to receive did not extend upon both lateral sides as near to a stream at the rear of the tract as was represented, but the trial court found against her and we cannot interfere with its findings upon that or any other issue. The equitable principles applicable make imperative the approval of the decree which is, therefore, in its entirety affirmed.

Mr. Chief Justice Burke and Mr. Justice Adams and Mr. Justice Butler concur.