No. 12,653.

Lowell Bros. & Talbott, Inc. *v.* Wikstrom.

(6 P. [2d] 463)

Decided December 21, 1931.

Messrs. Fowler & Fowler, Messrs. Myers & Snerly, for plaintiff in error.

Mr. Harry S. Class, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

This was a suit in conversion based upon the allegation that defendant received of Bond & Bond, and sold, certain cattle theretofore mortgaged to plaintiff, and refused to pay plaintiff on demand the reasonable value thereof. A verdict was returned in favor of plaintiff and to review the judgment entered accordingly defendant prosecutes this writ.

The complaint alleged the execution and delivery of the mortgage in October, 1927, ''to secure an indebtedness owing to the plaintiff'' and ''the said mortgage was in full force during all of the times herein mentioned.'' It further alleged that the deliveries of cattle to defendant occurred in January, September and November, 1928. There was no allegation that at the time of said deliveries plaintiff was the owner of the mortgage or the indebtedness secured thereby. The answer denied receipt and sale of any cattle upon which plaintiff had a lien, denied the existence of any indebtedness originally represented by the transaction at the time of the delivery of cattle by Bond & Bond to plaintiff, and alleged that the net proceeds of all cattle covered by the mortgage in question and received by defendant were remitted to the assignors and paid by them, in whole or in part, to plaintiff, who received such proceeds with full knowledge that they came from sales of said cattle, and without objection thereto, and hence alleged ratification of said sales.

A certified copy of the mortgage in question was introduced in evidence. It specifically described the note which it secured. The note was not introduced nor was there evidence of its whereabouts or ownership.

At the close of all the evidence defendant moved for a directed verdict for the reasons, among others, that there was no proof of plaintiff's ownership of the cattle, or

right of possession, at the time of the alleged conversions, and no proof of his ownership of the note secured by the mortgage. That motion was overruled.

That Bond & Bond were once indebted to plaintiff, that said indebtedness was evidenced by a promissory note, which note was secured by a chattel mortgage on certain cattle, that thereafter said cattle were delivered to defendant while the mortgage was in existence, that defendant sold said cattle and refused, on demand, to account to plaintiff therefor, of course gave plaintiff no right of action. His rights, if any he had, must rest upon the further allegation and proof that at the time of the conversions he still owned the indebtedness. A transfer of the note would carry with it the mortgage which secured it and all rights thereunder. *Smith v. Brunk,* 14 Colo. 75, 23 Pac. 325; *Wiswall v. Giroux,* 70 Colo. 121, 127, 197 Pac. 759. The note in question being negotiable paper there is no presumption of ownership by the original payee, because that presumption attaches to possession. 3 R. C. L., p. 980, §190.

Since the fatal defect in the complaint was brought to plaintiff's attention by the answer, thus giving him ample opportunity to move to amend, and the fatal defect in his proof was brought to his attention by the motion for a directed verdict, thus giving him ample opportunity to move to reopen, and since he did neither, said motion should have been sustained.

The foregoing conclusion obviates the necessity for the consideration of other alleged and important errors.

The judgment is accordingly reversed and the cause remanded with directions to set aside the verdict, sustain the motion, and enter judgment for defendant.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.